PATTERSON *v.* WARNER ET AL.

No. 72–5830. Argued January 9, 1974—Decided February 26, 1974

*George R. Higinbotham* argued the cause for appellant. With him on the brief was *Paul J. Kaufman.*

*Phillip D. Gaujot,* Assistant Attorney General of West Virginia, argued the cause for appellees *pro hac vice.* With him on the brief were *Chauncey H. Browning, Jr.,* Attorney General, *Cletus B. Hanley,* Deputy Attorney General, and *William D. Highland,* Special Assistant Attorney General.

PER CURIAM.

We noted probable jurisdiction in this case, 411 U. S. 905 (1973), because it appeared to present a significant issue, under the Due Process and Equal Protection Clauses of the Fourteenth Amendment, as to the validity

of that provision of W. Va. Code Ann. § 50–15–2 (1966),[1] requiring a double bond as a condition for an appeal from a judgment entered by a justice of the peace in a civil case. See *Lindsey* v. *Normet,* 405 U. S. 56, 74–79 (1972).

In November 1968 appellant Patterson purchased a used automobile from appellee Graham Motor Company under a deferred-purchase money contract. That portion of the price not paid at the time of purchase was evidenced by a negotiable promissory note. After taking delivery of the automobile but before completion of his payments, Patterson encountered mechanical difficulties with the car. Finding himself unable to obtain satisfaction from Graham, Patterson undertook to reject the purchase, pursuant to W. Va. Code Ann. § 46–2–602 (1966), and made no further payments on the note.

Graham then sued Patterson in appellee Warner's justice of the peace court and, despite a number of defenses asserted by Patterson—breach of warranty, fraud, rightful repudiation, and others—obtained a judgment for $300 plus costs.[2]

---

[1] W. Va. Code Ann. § 50–15–2 provides in pertinent part as follows:

"The appeal shall not be granted by the justice unless, within ten days after the judgment is rendered . . . bond with good security, to be approved by the justice, in a penalty double the amount of the judgment, is filed with him, with condition to the effect that the person proposing to appeal will perform and satisfy any judgment which may be rendered against him on such appeal . . . or if he does not wish to stay the execution on such judgment, with condition to pay the costs of such appeal if the judgment appealed from be affirmed. In case there be judgment before the justice against the plaintiff for costs only, and the plaintiff desires to appeal, the bond shall be for costs, conditioned as aforesaid, and in a penalty not exceeding one hundred dollars. . . ."

[2] Three hundred dollars is the monetary limit of the jurisdiction of a West Virginia justice of the peace in a civil action for the recovery of money. W. Va. Code Ann. § 50–2–1.

Patterson sought to appeal the case to a court of record. Bond was set at $600, double the amount of the judgment, as § 50–15–2 specified. Patterson was unable to find an individual surety and, being indigent, was also unable to raise the amount required by a commercial surety. As a result, the appeal was not perfected and the judgment adverse to him became final.

Prior to execution on the judgment, Patterson instituted this purported class action in the United States District Court for the Southern District of West Virginia against Justice of the Peace Warner and against Graham. He sought injunctive and declaratory relief. A three-judge court was convened and upheld the challenged West Virginia statute. It reasoned that the full hearing before the justice, with the opportunity to present a defense, accorded appellant due process, and that there was no requirement that the State provide appellate review. Turning to equal protection, the court held that a State may properly take steps to insure that an appellant post adequate security to protect a damages award already made, citing *Lindsey* v. *Normet,* 405 U. S., at 77; that an appeal *in forma pauperis* in a civil case is a privilege, not a right; and that "the concept of Equal Protection does not include full and unrestrained appellate review of an initial adjudication which afforded Due Process." Patterson's request for relief was therefore denied.

After probable jurisdiction had been noted here, and shortly prior to the filing of briefs in this Court, the Supreme Court of West Virginia decided *State ex rel. Reece* v. *Gies,* —— W. Va. ——, 198 S. E. 2d 211 (1973). In *Reece* the portion of § 50–15–2 requiring an appeal bond in an amount double the damages plus one year's rent as a prerequisite to an appeal from a justice court in a suit for unlawful detention of real estate was under constitutional challenge. The West Virginia court, cit-

ing the District Court's decision in the present case and *Greer* v. *Dillard,* 213 Va. 477, 193 S. E. 2d 668 (1973), upheld the bond amount provision, with two of the court's five justices dissenting on that issue, but went on to rule unanimously that the judgment entered against the defendant by a West Virginia justice of the peace was violative of the Due Process Clauses of the Federal and State Constitutions and was "void." —— W. Va., at ——, 198 S. E. 2d, at 216. Its rationale was that, because the justice's fee was enhanced when he ruled in favor of the plaintiff, he possessed a pecuniary interest in the case's outcome, and the parties therefore were denied a neutral and unbiased judge. See also *State ex rel. Moats* v. *Janco,* 154 W. Va. 887, 180 S. E. 2d 74 (1971).

The judgment entered against appellant Patterson by appellee Warner was rendered pursuant to the same West Virginia statutory scheme that was challenged, in part successfully, in *Reece.* Appellant, upon becoming aware of the *Reece* decision, filed a suggestion of mootness here. Appellee Warner at the time opposed the suggestion. Although that aspect of the case was not addressed in the briefs, it was discussed at oral argument. Tr. of Oral Arg. 3–6, 34–36. Appellant, despite his having made the suggestion of mootness, asserted at oral argument that *Reece* had no retroactive application, and that the judgment entered against him was not void and the case was not moot. *Id.,* at 5. Appellee Warner contended otherwise, *id.,* at 37–38, stating that in West Virginia, under *Falconer* v. *Simmons,* 51 W. Va. 172, 41 S. E. 193 (1902), a State Supreme Court pronouncement, with one exception, is fully retroactive in the sense that it is regarded as always having been the law.

Inasmuch as the decision of the Supreme Court of West Virginia in *Reece* was rendered after the entry of the judgment in the present case, the three-judge District

Court had no occasion to consider whether the decision in *Reece* means that the judgment obtained by Graham against Patterson is void and whether the present case has become moot. We deem it desirable that the District Court, in the first instance, evaluate the effect of that intervening decision. Accordingly, the judgment of the District Court is vacated, and the case is remanded to that court for reconsideration in the light of *State ex rel. Reece* v. *Gies,* —— W. Va. ——, 198 S. E. 2d 211 (1973). In so doing, we intimate no view as to whether the case is or is not now moot.

*It is so ordered.*