**Herbert CARR and Retha Carr etc.,**
**Plaintiffs-Appellants,**

v.

**Herschell SAUCIER, etc. et al.,**
**Defendants-Appellees.**

No. 77–2915
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 11, 1978.

---

\* Rule 18, 5 Cir.;  see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409.

Richard K. Greenstein, Myron N. Kramer, Jay E. Loeb, Alden C. Harrington, Michael H. Terry, Atlanta, Ga., for plaintiffs-appellants.

Arthur K. Bolton, Atty. Gen., Dallas P. Jankowski, Michael J. Bowers, Asst. Attys. Gen., Atlanta, Ga., for defendants-appellees.

Before MORGAN, CLARK and TJOFLAT, Circuit Judges.

PER CURIAM:

On June 7, 1972, appellants Herbert and Retha Carr brought a class action suit against the administrators of the Georgia Program for Assistance to the Aged, Blind, and Disabled (AABD). The Carrs claimed that a provision of the program counting "lump sum" social security payments as income for the purposes of determining the amount of assistance provided was inconsistent with 45 C.F.R. § 233.20, a federal regulation governing income determination in state AABD programs. The district court, accepting appellants' arguments, certified a class and, on April 16, 1973, permanently enjoined the State from enforcing its "lump sum" rule. Subsequently the federal regulation upon which the district court relied was amended. On January 1, 1974, the Georgia AABD program was supplanted by the federal Supplementary Security Income Program (SSI). On March 18, 1977, the State moved under Fed.R.Civ.P. 60(b)(5) to amend the prospective relief portion of the injunction, claiming that the Georgia "lump sum" regulation was consistent with the amended federal regulation. The district court granted the State the relief it requested, and the original plaintiffs appealed.

The State contends that the underlying controversy is moot because the federal SSI program has completely supplanted the Georgia AABD program. If a controversy becomes moot at any time during the trial or appellate process, the court involved must dismiss the suit for want of jurisdiction. *Securities & Exchange Commission v. Medical Committee for Human Rights,* 404 U.S. 403, 407, 92 S.Ct. 577, 579–80, 30 L.Ed.2d 560, 563–64 (1972). The federal courts are not empowered to issue advisory opinions "on an abstract or hypothetical question." *Benton v. Maryland,* 395 U.S. 784, 788, 89 S.Ct. 2056, 2059, 23 L.Ed.2d 707, 712 (1969). Since it failed to raise the

mootness issue in the district court, the State is in the anomalous position of asserting on appeal that the trial court erred in granting its motion to amend the injunction because it had no jurisdiction to hear the motion. Mootness arguments, however, can be pressed by any party at any time; if the controversy is moot, both the trial and appellate courts lack subject matter jurisdiction. *North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413, 415 (1971); *Locke v. Board of Public Instruction,* 499 F.2d 359, 363–364 (5th Cir. 1974).

State AABD regulations are not entirely irrelevant to SSI eligibility. Under the "grandfather" provisions of SSI, a person is eligible for benefits if he can show that he received benefits under a State AABD program for certain periods of time and that his current resources do not exceed the maximum amount of resources allowed by the State plan in October of 1972. 42 U.S.C. § 1382(g) & (h). Appellee contends that even though State "lump sum" regulations can affect eligibility for SSI under the grandfather provisions, the current law suit can in no way alter the State regulations which were in effect in October of 1972, and that the appellants' eligibility for SSI benefits therefore does not depend on the outcome of this litigation. In short, the State argues that since the rights of the plaintiff class can in no way be affected by the granting or denial of its Rule 60(b)(5) motion to terminate prospective relief, the controversy is now moot.

Appellants urge that the case is not moot because the eligibility of some plaintiff class members for SSI under the "grandfather" provisions could depend upon the validity of the "lump sum" regulation. Appellants contradict the State's position on the potential effect of this litigation on the October 1972 standards as applied to current SSI beneficiaries. The Carrs contend that the injunction initially granted by the district court prohibited the application of the October 1972 "lump sum" regulation to SSI recipients; thus, according to appellants, the granting of the State's motion to terminate prospective relief effectively denies some class members benefits under the SSI program. Appellants assert that the controversy remains; the rights of some class members under SSI do depend upon the continuation of prospective relief.

■ In this case, the arguments of the parties on the mootness issue were never presented to the district court. Thus, the record on appeal does not show whether any of the plaintiff class members' eligibility for SSI depends upon the "grandfather" provisions of the federal statute or whether the eligibility of those "grandfathered" SSI beneficiaries would be affected by the district court's termination of prospective relief.[1] These two inquiries are essential to the determination of the mootness issue, but they cannot be resolved without a hearing. In this situation, it is appropriate to remand the case to the district court for consideration of the mootness issue.[2] *See Patterson v. Warner,* 415 U.S. 303, 94 S.Ct. 1026, 39 L.Ed.2d 343 (1974); *Spomer v. Littlejohn,* 414 U.S. 514, 94 S.Ct. 685, 38 L.Ed.2d 694 (1974).

1. In the original action, the district court certified a class consisting of "all recipients of Aid to the Aged, Blind and Disabled . . . who have received or will receive a lump-sum payment of accumulated income benefits after April 13, 1972, and who do not have resources in excess of those allowed under the Georgia State Plan for AABD at the effective date of proposed termination." Although it is conceivable that this class could include members whose eligibility for SSI could be affected by the Georgia lump sum regulation, the record does not indicate whether such class members do indeed exist.

2. The record suggests that the real controversy surrounding the State's motion to amend concerned its effect on the Georgia Aid to Families with Dependent Children Program (AFDC). In their trial briefs and motions, both parties discussed the importance of ascertaining the validity of the lump sum regulation in the AFDC context. If the AFDC issue is the only one remaining in the case, then the case would be moot, given the class the district court certified. *See* note 1 *supra.* That class embraced only individuals who had received benefits under the Georgia AABD Program. Determination of the validity of the lump sum regulation in the AFDC Program could in no way affect the rights of the class members under the AABD or SSI Programs.

The order of the district court is VACATED and the case is REMANDED.

VACATED and REMANDED.