No. 79–1995. CITY OF LOS ANGELES *v.* LYONS. C. A. 9th Cir. Motion of respondent for leave to proceed *in forma pauperis* granted. Certiorari denied.

JUSTICE WHITE, with whom JUSTICE POWELL and JUSTICE REHNQUIST join, dissenting.

Respondent in this case seeks injunctive and declaratory relief under 42 U. S. C. § 1983 to restrain an alleged practice of the Los Angeles Police Department. Because I believe

that respondent's standing to seek this relief is open to serious question in the light of *O'Shea* v. *Littleton,* 414 U. S. 488 (1974), and *Rizzo* v. *Goode,* 423 U. S. 362 (1976), I dissent from the denial of certiorari.

In February 1977, respondent filed a seven-count complaint against the city of Los Angeles and four of its police officers. Respondent alleged that the four officers stopped his car for a minor traffic violation and that, without any provocation or reason to fear for their safety, they applied strangleholds around his neck, rendering him unconscious. He further alleged that the use of strangleholds in such non-life-threatening situations was a policy of the police department. Respondent sought damages, and injunctive and declaratory relief, claiming that the use of strangleholds in non-life-threatening situations violates the First, Fourth, Eighth, and Fourteenth Amendments.

The only issue before this Court is whether in seeking injunctive and declaratory relief respondent has stated a case or controversy within the jurisdiction of the federal courts. The Court of Appeals, reversing the District Court, held that respondent did have standing. The Court of Appeals distinguished this case from *O'Shea* v. *Littleton, supra,* and *Rizzo* v. *Goode, supra,* on two grounds: First, there was a greater likelihood in this case that respondent would be subjected at some future date to the alleged illegal conduct; second, respondent did not seek "structural relief" requiring the federal courts to supervise the conduct of state officials, but only an injunction against the use of an established police practice.[1]

---

[1] The Court of Appeals also suggests that since respondent would have had standing to challenge the practice in the short period of time between his being stopped by the police and their use of a stranglehold upon him, the standing problem here can be analyzed in terms of mootness doctrine. The court believed that although respondent no longer has a live controversy, he falls within two exceptions to the mootness doctrine. First, a voluntary cessation of challenged conduct does not moot a claim if there is a strong possibility of its recurrence. Second, respondent's claim is one

*O'Shea* and *Rizzo* made clear that the federal courts are not the forum in which dissatisfied citizens may air their disagreements with government policy. The jurisdiction of the federal courts is limited by the case-or-controversy requirement of Art. III. Unless a party demonstrates a "personal stake in the outcome," *Baker* v. *Carr,* 369 U. S. 186, 204 (1962), the disagreement may not be settled by the federal courts. For purposes of equitable relief, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy . . . if unaccompanied by any continuing, present adverse effects" and if there is no "real and immediate threat of repeated injury" to the plaintiff. *O'Shea* v. *Littleton, supra,* at 495–496. Here, the prospect of future injury rests on the likelihood that respondent will again be stopped or arrested and have the allegedly unconstitutional procedures applied to him. In *O'Shea,* we held that this kind of possibility does not satisfy the case-or-controversy requirement.

There is no question that there is a case or controversy with respect to respondent's right to damages for an alleged past violation of his constitutional rights.[2] However, with respect to a threat of future injury, respondent's position cannot be distinguished from that of any other person who may at some future date have a confrontation with the Los Angeles police. This is the kind of injury we have previously characterized as "abstract" and, therefore, insuf-

---

that is "capable of repetition, yet evading review." The first ground, however, merely restates the problem: it is precisely because petitioner does not threaten harm to respondent except in the abstract manner in which everyone in Los Angeles is threatened that respondent's standing is questionable. The second ground is not applicable because the constitutional issue would be addressed in a damages action brought under § 1983.

[2] If this controversy constitutes a § 1983 cause of action, the constitutional issue would be fully litigated in the damages suit.

ficient to create the personal stake required by Art. III. 414 U. S., at 494.

We could not conclude that respondent has standing to press his claims for equitable relief without re-examining our holdings in *O'Shea* and *Rizzo* on the limits of the case-or-controversy requirement of Art. III. Of course, we cannot give plenary consideration to every misapplication of constitutional requirements, but the decision of the Court of Appeals appears so at odds with our precedents that I dissent from denial of certiorari.