Adolph LYONS, Plaintiff-Appellee,

v.

CITY OF LOS ANGELES, Doe Crupi, Doe Hills, Doe Sandoval and Doe Lloyd, Defendants-Appellants.

Nos. 80–6078, 81–5023.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 7, 1981.

Decided Aug. 17, 1981.

As Amended Aug. 20, 1981.

Rehearing Denied Sept. 11, 1981.

Lewis N. Unger, Los Angeles, Cal., for defendants-appellants.

Michael R. Mitchell, Woodland Hills, Cal., for plaintiff-appellee.

Before GOODWIN, HUG and FARRIS, Circuit Judges.

PER CURIAM.

Adolph Lyons in 1977 commenced a civil rights action under 42 U.S.C. § 1983 against the City of Los Angeles, seeking damages, injunctive relief and declaratory relief. After an appeal to this court [1] had restored two counts of the complaint that had been dismissed by a partial summary judgment, Lyons obtained a preliminary injunction which forbids police officers to use carotid artery or bar arm strangleholds under circumstances that do not threaten death or great bodily harm to the officer. Both sides appeal.

 This court will not disturb an order granting a preliminary injunction unless it was an abuse of discretion by the district court. *Miss Universe, Inc. v. Flesh-*

---

**1.** *Lyons v. City of Los Angeles,* 615 F.2d 1243 (9th Cir.), *cert. denied,* 449 U.S. 934, 101 S.Ct. 333, 66 L.Ed.2d 158 (1980).

*er*, 605 F.2d 1130, 1133–34 (9th Cir.1979); *Los Angeles Memorial Coliseum Com'n v. Nat. Football*, 634 F.2d 1197, 1200–01 (9th Cir.1980). All the trial judge has done, so far, is to tell the city that its police officers may not apply life threatening strangleholds to persons stopped in routine police work unless the application of such force is necessary to prevent serious bodily harm to an officer. This relatively innocuous interference by the judiciary with police practice can hardly be characterized as an abuse of discretion when the record reveals that nine suspects who have been stopped by the police and who have been subdued by the use of carotid and bar arm control holds have subsequently died, allegedly of the injuries sustained in the application of these holds. *Cf. Rizzo v. Goode*, 423 U.S. 362, 379, 96 S.Ct. 598, 608, 46 L.Ed.2d 561 (1976) (federal court may not order sweeping structural relief requiring federal court supervision of state police procedures absent "extraordinary circumstances").

Fourth and Fourteenth Amendment issues were briefed and argued by Lyons on cross-appeal in an understandable search for an advisory opinion pending the resumption of what promises to be protracted litigation. Because none of the questions on the cross-appeal arises from an appealable order or judgment over which we have jurisdiction, 28 U.S.C. § 1291, we express no opinion on them.

The order granting the preliminary injunction is affirmed and the appeal is dismissed with costs to the plaintiff.

The cross-appeal is dismissed.