CITY OF LOS ANGELES ᴇᴛ ᴀʟ. *v.* LYONS

No. A–230. Decided September 29, 1981

Jᴜsᴛɪᴄᴇ Rᴇʜɴǫᴜɪsᴛ, Circuit Justice.

The Court of Appeals, in its most recent opinion in this case, rested its holding on the proposition that "[t]his court will not disturb an order granting a preliminary injunction unless it was an abuse of discretion by the district court." 656 F. 2d 417 (CA9 1981). This proposition, of course, is not only in accord with its own precedents cited in the opinion, but with our own cases on the subject. See, *e. g.,* *Brown* v. *Chote,* 411 U. S. 452, 457 (1973). If that were all the case involved, there would be so little likelihood that four Members of this Court would grant certiorari that no further discussion would be necessary and the applicants' request for a stay would be denied.

But, as I understand the matter, there is a good deal more to this case than the most recent opinion of the Court of Appeals issued August 17, 1981. The preliminary injunction referred to in that opinion was issued by the District Court only after its earlier partial summary judgment in favor of the applicants had been reversed by the Court of Appeals in *Lyons* v. *City of Los Angeles,* 615 F. 2d 1243 (CA9), cert. denied, 449 U. S. 934 (1980) *(Lyons I).*

In its opinion in *Lyons I*, the Court of Appeals held that respondent had standing to challenge the use by members of the City of Los Angeles Police Department of so-called "choke-holds" in situations that are not life threatening. 615 F. 2d, at 1246–1249. Because respondent had once been the subject of such a "choke-hold," the Court of Appeals held that respondent had standing to seek an injunction, even though there was no indication that he would ever be subjected to them again by reason of an arrest by Los Angeles police officers. "[T]he threat of future injury to not only Lyons, but to every citizen in the area is much more immediate" than those described in *Rizzo* v. *Goode,* 423 U. S. 362 (1976), or *O'Shea* v. *Littleton,* 414 U. S. 488 (1974). 615 F. 2d, at 1246.

The Court of Appeals in *Lyons I* also held that respondent's request for injunctive relief was not moot. "Lyons once had a live and active claim meeting all the Article III requirements . . . if only for a period that lasted but a few seconds. That period could be described as the time between the moment he was stopped and the moment the stranglehold was applied, or even the split second between the moment the officer moved to grab him and the moment the stranglehold was applied." *Id.,* at 1248. The Court of Appeals also explained that Lyons' claim is one that is "capable of repetition, yet evading review," even though a "future recurring controversy [will] have but a small chance of affecting the original plaintiff."

On remand, the United States District Court entered the following temporary injunction:

"IT IS ORDERED that defendants are hereby enjoined from the use of both the carotid artery and bar arm holds under circumstances which do not threaten death or serious bodily harm.

"IT IS FURTHER ORDERED that this injunction is effective . . . and shall continue in force until this Court

approves a training program presented to it. Such program shall consist of a detailed written training manual, prepared by qualified individuals, in addition to appropriate, practical training sessions for the members of the Los Angeles Police Department.

"IT IS FURTHER ORDERED that defendant City of Los Angeles establish a requirement, forthwith, that all applications of the use of the holds in question, *even under the conditions permitted by this Order,* to wit, the death or serious bodily harm situation, be reported in writing to said defendant within forty-eight hours after the use of such holds.

"IT IS FURTHER ORDERED that defendant City of Los Angeles shall maintain records of such reports in an orderly fashion, and shall allow this court ready access to such records upon twenty-four hours' notice." Application, Ex. 4 (emphasis added).

It was this latter "preliminary injunction" that the Court of Appeals affirmed in its most recent *per curiam* opinion issued August 17, 1981. Respondent, in opposing this stay of that judgment of the Court of Appeals, states that "[t]he question of Lyons' standing to sue was settled in *Lyons I.*" Response, at 2. This is undoubtedly quite true insofar as the Court of Appeals for the Ninth Circuit is concerned, but *Lyons I* is not "law of the case" so far as this Court is concerned. The city petitioned for certiorari to review *Lyons I,* but its petition was at that time denied. JUSTICE WHITE, JUSTICE POWELL, and I dissented. *City of Los Angeles* v. *Lyons,* 449 U. S. 934 (1980).

I am of the opinion that since the District Court has now formulated the specific terms of an injunction, and held the use of the so-called "choke-holds" unconstitutional except in life-threatening situations, there is a substantial likelihood that an additional Member of this Court would now join JUSTICE WHITE's dissent from denial of certiorari in *Lyons I,*

thereby resulting in a grant if the city, as it proposes to do, files a timely petition for certiorari by December 9, 1981. The issue to be reviewed, of course, is not whether a preliminary injunction should be affirmed on appeal unless it represents an abuse of discretion, but whether respondent has standing to maintain this action. On this issue, I think there is enough difference in the approach of the Court of Appeals in this case and the approach of this Court in *O'Shea* v. *Littleton, supra,* and *Rizzo* v. *Goode, supra,* to offer applicants a reasonable chance of success on the merits should the Court grant certiorari. I likewise think that the Court of Appeals' "capable of repetition, yet evading review" discussion with respect to mootness is not entirely consistent with this Court's opinion in *Weinstein* v. *Bradford,* 423 U. S. 147, 149 (1975).

Applicants assert that "[t]he effect of the district court's order will be to cause more injuries to and deaths of suspects," because "[p]olice officers will be unequipped to deal with the day-to-day handling of violent arrestees who do *not* threaten death or serious bodily harm." Application, at 12–13. Respondent argues to the contrary, since he claims that the applicant city of Los Angeles may obtain relief from the preliminary injunction merely by properly reforming its training practices "to assure that its police officers understand how dangerous strangulation is and when its officers should strangle." Response, at 18. I find it both unnecessary and probably impossible to decide which of these forecasts, if either, will prove true.

Respondent urges that I should not act on this stay, because the applicants' request for a stay is nothing more than a petition for rehearing of the earlier denial of certiorari by this Court and therefore our Rule 51.1 prevents me from granting a stay. I am not persuaded by this argument. In *Lyons I,* the Court of Appeals stated:

> "We note that the appellant in no way asks for a complete prohibition on the use of the stranglehold. He

only seeks to restrain its use to situations where it is constitutional. In what circumstances the use of the strangleholds is constitutional is, of course, a judgment for the district court to make." 615 F. 2d, at 1244, n. 1.

The District Court has now made that judgment, and entered an injunction forbidding its use except under certain circumstances. The order requires recordkeeping and that such records be made available to the District Court upon its request. The case has thus progressed considerably further toward final resolution than it had at the time certiorari was denied in *Lyons I*.

The complaint alleging the use of these police tactics was filed on February 7, 1977, and the city's petition for certiorari is due by December 9, 1981. Thus, what is basically involved in a consideration of traditional "stay equities" is whether the city shall be allowed to use a particular procedure, already in use for at least four years, for the few additional months before this Court acts on its petition for certiorari. I conclude that there is sufficient doubt about the correctness of the basic holding of the Court of Appeals with respect to standing on the part of respondent, together with sufficient equities in favor of the city, to warrant a stay of the Court of Appeals' order affirming the District Court's granting of an injunction, pending a timely filing of a petition for certiorari by the applicants and the disposition thereof by this Court.

*It is so ordered.*