**C & C PRODUCTS, INC., a corporation, Plaintiff-Appellant,**

v.

**Edward E. MESSICK, et al., Defendants-Appellees.**

No. 81–7973.

United States Court of Appeals, Eleventh Circuit.

March 14, 1983.

Cabaniss, Johnston, Gardner, Dumas & O'Neal, Tony G. Miller, Crawford S. McGivaren, Birmingham, Ala., Thompson, Hine & Flory, Leslie W. Jacobs, Cleveland, Ohio, for plaintiff-appellant.

Shores & Booker, James L. Shores, Jr., Birmingham, Ala., Arthur J. Schwab, Pittsburg, Pa., for defendants-appellees.

Before HENDERSON and HATCHETT, Circuit Judges, and TUTTLE, Senior Circuit Judge.

ALBERT J. HENDERSON, Circuit Judge.

The Petitioner-Appellant, C & C Products, appeals from an order of the United States District Court for the Northern District of Alabama modifying a protective order and ordering the release of discovery materials to a non-party in a pending matter in which C & C Products is a party.

During oral argument, a question surfaced as to whether the controversy had become moot since the subject matter of the request had already been furnished to the petitioner, a non-party. At our direction, the parties submitted supplemental briefs on this issue.

In October, 1979, Barnes Group filed an action against C & C Products in the United States District Court for the Northern District of Ohio. The case eventually was transferred to the United States District Court in South Carolina. In June, 1981, C & C Products sued Edward Messick in the United States District Court for the Northern District of Alabama. Pursuant to an agreement between C & C Products and Messick, the district court entered a protective order precluding the disclosure of certain discovery materials. The order provided that "[u]pon termination of this litigation, all copies of confidential documents shall be returned to the party who produced them and the returning party shall certify that all such confidential documents and copies thereof have been returned."

In November, 1981, Barnes Group, the non-party to the Alabama litigation, filed a motion in the district court in Alabama seeking modification of the protective order. Barnes Group requested that the order be revised so as to permit it to have access to the discovery materials. Upon recommendation of the magistrate, the district court granted Barnes Group's motion. The court restricted the use of the discovery documents to the pending South Carolina case. The amended order stipulated that Barnes Group would be subject to the other terms of the original protective order.

Dissatisfied with this less restrictive version of the original protective order, C & C Products moved for a stay pending appeal. The motion for a stay was denied by the district court and later by a panel of this court. Thereafter, the discovery materials were delivered to Barnes Group. The trial in South Carolina has been completed and, according to the parties, the judgment is currently on appeal to the United States Court of Appeals for the Fourth Circuit.

At the time of oral argument in our court, Barnes Group had not returned the documents.

[1, 2] While the matter was not mentioned by the parties in their briefs, we must address the question of whether C & C Products' appeal of the district court's modification of the protective order has been rendered moot by the subsequent disclosure of the materials. This is because an appellate court does not have jurisdiction under the Article III "case or controversy" provision of the United States Constitution to decide questions which have become moot by reason of intervening events. *McLaughlin v. Hoffman,* 547 F.2d 918, 919 n. 2 (5th Cir.1977). *See also, Sannon v. United States,* 631 F.2d 1247, 1250 (5th Cir.1980), (citing, *Defunis v. Odegaard,* 416 U.S. 312, 319, 94 S.Ct. 1704, 1707, 40 L.Ed.2d 164, 170 (1974); *Roe v. Wade,* 410 U.S. 113, 125, 93 S.Ct. 705, 712, 35 L.Ed.2d 147, 161 (1973); *Benton v. Maryland,* 395 U.S. 784, 788, 89 S.Ct. 2056, 2059, 23 L.Ed.2d 707, 712 (1969); *Flast v. Cohen,* 392 U.S. 83, 95, 88 S.Ct. 1942, 1949, 20 L.Ed.2d 947, 959 (1968); *Carr v. Saucier,* 582 F.2d 14, 16 (5th Cir.1978); *Brown v. Liberty Loan Corp. of Duval,* 539 F.2d 1355 (5th Cir.1976), *cert. denied,* 430 U.S. 949, 97 S.Ct. 1588, 51 L.Ed.2d 797 (1977); *McDonald v. Oliver,* 525 F.2d 1217, 1225 (5th Cir.), *cert. denied,* 429 U.S. 817, 97 S.Ct. 61, 50 L.Ed.2d 77 (1976)). If later events preclude the grant of effective relief, the appeal must be dismissed as moot. The case must be viable at all stages of the litigation; it is not sufficient that the controversy was live only at its inception.

■ C & C Products' sole assignment of error is that the district court erred in modifying the protective order to permit Barnes Group to utilize the discovery materials in another case. In its prayer for relief, C & C Products asks us to "vacate the order modifying such protective order, and enter an order directing the district court . . . to command Barnes Group to return all discovery materials obtained by it . . . and refrain from using any of them or information contained in them for any purpose." Brief of Appellant at 20.

At this point, it is too late for this court to prevent the release of the materials. Barnes Group gained access to the confidential documents; no order from this court can undo that situation. *Cf. Exxon Corp. v. FTC,* 589 F.2d 582, 587 (D.C.Cir.1978), *cert. denied,* 441 U.S. 943, 99 S.Ct. 2160, 60 L.Ed.2d 1044 (1979) (objection to FTC release of trade secrets to Congress moot as to the documents already released). In this case, the trial in South Carolina trial has been completed. The possibility that the South Carolina case might be reversed and remanded for a new trial and the materials might be used again does not automatically mandate a review of the modification order. We will not engage in speculation concerning the merits of C & C Products' appeal in the South Carolina case as a basis for finding the continued existence of a live controversy. *Cf. Murphy v. Hunt,* 455 U.S. 478, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982) (possibility that criminal conviction could be reversed and a new trial ordered does not revive issue of defendant's right to pre-trial release). From this analysis, it is apparent to us that the appeal is moot unless it falls within an exception to the mootness rule.

C & C Products contends that the appeal is not moot because the issue is "capable of repetition yet evading review." According to the appellant, there was insufficient time to obtain review prior to complying with the district court's order and it is likely to be subjected to the same treatment again because (1) Barnes Group has never returned the materials and (2) future litigation is a distinct probability because of its competitive relationship with Barnes Group.

In *Weinstein v. Bradford,* 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (per curiam), the Supreme Court stated that the merits of a case which is otherwise moot should be decided if

(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again.

*Id.* at 149, 96 S.Ct. at 349, 46 L.Ed.2d at 353. This exception has been invoked by other courts in circumstances that satisfy its two-pronged test. *See, e.g. Cell Associates, Inc. v. National Institutes of Health,* 579 F.2d 1155 (9th Cir.1978); *In re Special April 1977 Grand Jury,* 581 F.2d 589 (7th Cir.), *cert. denied,* 439 U.S. 1046, 99 S.Ct. 721, 58 L.Ed.2d 705 (1978).

We agree with appellant that the first part of the *Weinstein* test is met. Complete review of the merits of the district court's order could not be obtained before C & C Products was required to turn the materials over to Barnes Group. However, not every matter of short duration is reviewable under this exception. *Murphy v. Hunt,* 455 U.S. 478, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982). The "capable of repetition" prong of the test must also be evident. *Id.* A controversy is not capable of repetition if there is only "a mere physical or theoretical possibility" of recurrence. Rather, "there must be a 'reasonable expectation' or 'demonstrated probability' that the same controversy will recur involving the same complaining party." *Id.* at 482, 102 S.Ct. at 1183, 71 L.Ed.2d at 357 (quoting *Weinstein v. Bradford,* 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975)); *cf. Lyons v. City of Los Angeles,* 615 F.2d 1243 (9th Cir.), *cert. denied,* 449 U.S. 934, 101 S.Ct. 333, 66 L.Ed.2d 158 (1980), *appeal after remand,* 656 F.2d 417 (9th Cir.), *stay granted,* 453 U.S. 1308, 102 S.Ct. 14, 69 L.Ed.2d 1015 (1981), *cert. granted,* 455 U.S. 937, 102 S.Ct. 1426, 71 L.Ed.2d 647 (1982).

The fact that Barnes Group continues to retain the documents does not necessarily demonstrate the reasonable likelihood that the dispute will arise again. The failure to return the documents is a matter properly addressed to the district court, not this court. *Cf. Cell Associates,* 579 F.2d at 1157 (propriety of NIH disclosure of inflammatory report capable of repetition because NIH stated it would furnish the report to others requesting it). The fact that the materials are still outstanding has no bearing on the question whether C & C Products is likely to be subjected to subsequent modifications of protective orders.

Finally, the possibility that C & C Products may be involved in future litigation of similar controversies does not satisfy the second prong of *Weinstein*. C & C Products would be subjected to disclosure of materials covered by a protective order only if it is involved in another lawsuit in which a protective order has been entered *and* a nonparty moves to modify the order. Although it is theoretically possible that these events could again coincide, we do not believe that there is either a "reasonable expectation" or a "demonstrated probability" of such a recurrence.

For the foregoing reasons, the appeal is DISMISSED as MOOT.