**Daniel J. MORGAN, Plaintiff-Appellee,**

v.

**Roland Q. ROBERTS, et al.,
Defendants-Appellees,**

**Tim Woobury, Nick Isenberg, Greg Smith
and Ed Clement, Movants-Appellants.**

No. 82–5622.

United States Court of Appeals,
Eleventh Circuit.

April 11, 1983.

Smith, Carta, Ringsmuth & Kluttz, Steven Carta, Fort Myers, Fla., for movants-appellants.

Rider, Bennett, Egan & Arundell, Timothy R. Thornton, Kevin C. Dooley, Minneapolis, Minn., Henderson, Franklin, Starnes & Holt, Patrick E. Geraghty, Neale Montgomery, Fort Myers, Fla., for plaintiff-appellee.

Before RONEY and CLARK, Circuit Judges, and GIBSON\*, Senior Circuit Judge.

PER CURIAM:

On April 23, 1981, Daniel J. Morgan filed a complaint against the commissioners in Lee County, Florida, alleging, among other claims, a violation of his civil rights stemming from his alleged ejectment from a public meeting of the commissioners. In pursuit of discovery, Morgan caused subpoenas to be issued and served on television stations WINK and WBBH directing them to produce all videotapes and sound tracks of the subject meeting. WINK and WBBH filed motions to quash the subpoenas, contending they had a first amendment privilege against compelled disclosure of such materials. The trial court denied the motions to quash and ordered the items produced.

After entry of this order and prior to the production date for the materials, appellants, news reporters and news photographers who covered the commissioners' meet-

\* Honorable Floyd R. Gibson, U.S. Circuit Judge

ing for stations WINK and WBBH, filed a motion requesting leave to intervene for the purpose of asserting their qualified privilege under the first amendment and requesting a protective order barring production of the materials pending a ruling on the motion. On April 27, 1982, the court denied the motions for the reasons stated in his prior denial of the motions by WINK and WBBH without expressly granting or denying the motion to intervene.

Throughout the controversy, a distinction was made between portions of the tapes which were publicly broadcast and the unaired segments, termed "outtakes." By letter dated May 3, 1982, appellants' counsel informed the district court that there were no "outtakes" in existence. On May 5, 1982, WBBH and WINK showed the broadcast portions of the tapes to appellees' counsel, thus complying in part with the district court's order. Consequently, there were no remaining subpoenaed materials which could be produced pursuant to the district court's order.

Appellants filed their appeal on this ruling on May 13, 1982. WINK and WBBH did not appeal the trial court's ruling.

Appellants argue that this case is not moot because the issue is not whether the tapes should have been ordered to be produced, but rather whether the privilege is applicable at all to the appellants and their tapes. While we recognize that appellants' concern continues, we must dismiss this appeal for lack of an actual present case or controversy because there is no issue still in litigation on which the district court could act. *Marden v. International Association of Machinists and Aerospace Workers*, 576 F.2d 576, 581 (5th Cir.1978). Under the particular posture of this case, our resolution of whether appellants have a first amendment privilege would be merely an advisory opinion. A portion of the tapes have been produced. The outtakes do not exist. On remand, the district court would have no media information against which to apply the criteria set forth in *Branzburg v.*

for the Eighth Circuit, sitting by designation.

*Hayes,* 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972), as urged by appellants.

■■■ This case does not come within the exception to mootness for issues "capable of repetition yet evading review." The Supreme Court has stated that in the absence of a class action, this doctrine applies only where two conditions are met: the challenged action must be too short in duration to be litigated fully prior to its cessation or termination, and there must be a reasonable expectation that the same complaining party will be subject to the same action again. *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 348, 46 L.Ed.2d 350, 352 (1975). It is not clear that the first condition is met here. Cases applying this doctrine, such as abortion litigation, have involved controversies so short in duration that appellate review would be effectively denied if the case was dismissed as moot. *See, e.g., Super Tire Engineering Co. v. McCorkle,* 416 U.S. 115, 125–26, 94 S.Ct. 1694, 1699–1700, 40 L.Ed.2d 1, 9–10 (1974) (economic strikes do not generally last long enough for appellate review of controversies); *Roe v. Wade,* 410 U.S. 113, 125, 93 S.Ct. 705, 713, 35 L.Ed.2d 147, 161 (1973) (pregnancy's duration of 266 days would not allow time for appellate review). In this case, the duration of the controversy was not necessarily short. Appellants could have preserved the issue by applying for a stay until an appeal could be heard. Appellate resolution of the issue could then have occurred before the question became moot. This court has considered whether a party's application for a stay could have prevented an action from becoming moot. *See Florida Wildlife Federation v. Goldschmidt,* 611 F.2d 547 (5th Cir.1980). In any event, appellants have not satisfied the second condition of the test. They have not demonstrated a reasonable likelihood of future subpoenas requiring them to produce similar videotapes. A theoretical possibility of recurrence is not sufficient. *Murphy v. Hunt,* 455 U.S. 478, 482, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353, 357 (1982) ("there must be a 'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur involving the same complaining party"); *Wein-*

*stein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350, 352 (1975) (no "demonstrated probability" that respondent who had been released, would again be before parole board); *C & C Products, Inc. v. Messick,* 700 F.2d 635 (11th Cir.1983) [1983] (possibility that complaining party may be involved in future litigation of similar controversies is not sufficient).

By our holding, we do not suggest that a proper case could not be brought by appellants or other news cameramen or news reporters in the future. Because our dismissal of the appeal for mootness precludes consideration on the merits of the underlying issues, we remand this case to the trial court with directions to vacate the orders of April 6, 1982 and April 27, 1982. *United States v. Munsingwear,* 340 U.S. 36, 39, 71 S.Ct. 104, 106, 95 L.Ed. 36, 40 (1950).

DISMISSED AND REMANDED WITH DIRECTIONS TO VACATE.