Glen K. SANDLIN, Plaintiff–Appellant,

v.

Douglas L. CANADY, Defendant–
Appellee.

No. 93–K–657.

United States District Court,
D. Colorado.

May 25, 1993.

Cynthia J. Hyman, Denver, CO, for plaintiff-appellant.

David L. Smith, Denver, CO, for defendant-appellee.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

This case is before me on appellee Douglas L. Canady's ("Canady" or "debtor") motion to dismiss the appeal for mootness. I have jurisdiction pursuant to 28 U.S.C. § 158(a).[1] In the appeal itself, appellant

---

**1.** In this case I treat appellant's notice of appeal as a motion for leave to appeal pursuant to Bankr.R. 8003(c), and grant the motion for leave to appeal. See 28 U.S.C. § 158(a) ("The district courts ... shall have jurisdiction to hear appeals from final judgments ... and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges....")

Glen K. Sandlin ("Sandlin" or "creditor") claims that the bankruptcy court abused it's discretion by denying his motion for abstention. The debtor claims the appeal is moot because the state district court has since dismissed the underlying state court action upon which creditor's argument for abstention depended. I agree that this appeal is moot. It presents no actual case or controversy under U.S. Const. art. III, § 2, cl. 1 and thus I cannot exercise jurisdiction.

## I. Facts and Procedural History

On June 28, 1990, Judge Matsch entered judgment against an alleged alter ego of the debtor in the approximate amount of $142,226 on the creditor's claim under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634. The creditor was not able to collect the judgment, however, because Judge Matsch ruled he lacked ancillary jurisdiction to entertain the collection efforts. The creditor continued his collection efforts in the bankruptcy court after debtor filed a chapter 7 petition in 1990. The creditor filed a complaint objecting to discharge of the judgment on January 14, 1991. He asserted claims under 11 U.S.C. §§ 523(a)(4) and (a)(6), and §§ 727(a)(4)(A) and (6)(A). The bankruptcy court dismissed all of the creditor's claims, causing him to appeal. The district court reversed and remanded for a new trial. On March 8, 1993, the creditor asked the bankruptcy court to abstain from further proceedings in the adversary case, pursuant to 28 U.S.C. § 1334(c)(1). He asserted that his claims under §§ 523(a)(4) and (6) required resolution of unsettled state law issues relating to fraud in a fiduciary capacity. He asked the bankruptcy court to wait until he could resolve those state law issues in a trial set to begin in state court on August 23, 1993. The bankruptcy court denied the motion for abstention, thereby setting up this appeal.

On March 26, 1993, the Denver district court dismissed the creditor's state action. The trial judge there found the creditor's amended complaint factually inadequate under Colo.R.Civ.P. 9, because it failed to plead fraud with sufficient specificity. On May 7, 1993, the creditor filed a notice of appeal in the Colorado Court of Appeals of the dismissal of his state court case. The debtor moved to dismiss this appeal for mootness on May 3, 1993. The issue is now ripe for decision.

## II. Discussion

### A. Mootness

■ Mootness has its constitutional origins in the "case or controversy" limitation of Article III. *Liner v. Jafco, Inc.,* 375 U.S. 301, 306 n. 3, 84 S.Ct. 391, 394 n. 3, 11 L.Ed.2d 347 (1964). It insures that courts exercise their power only in cases of true adversary content so as to permit an informed judicial resolution. *Wiley v. N.C.A.A.,* 612 F.2d 473, 475 (10th Cir.1979). The mootness doctrine requires that an actual controversy between the parties "exist at [all] stages of appellate or certiorari review, and not simply at the date the action is initiated." *Roe v. Wade,* 410 U.S. 113, 125, 93 S.Ct. 705, 712, 35 L.Ed.2d 147 (1973).

■ When an intervening event prevents an appellate court from granting effective relief to a litigant, an appeal should be dismissed as moot. *Mills v. Green,* 159 U.S. 651, 653, 16 S.Ct. 132, 133, 40 L.Ed. 293 (1895), *Colorado Interstate Gas Co. v. F.E.R.C.,* 890 F.2d 1121, 1126 (10th Cir. 1989). And see *C & C Products, Inc. v. Messick,* 700 F.2d 635, 656 (11th Cir.1983) (no jurisdiction exists to decide questions which have become moot by reason of intervening events). At all times "there must be 'a real and substantial controversy [allowing] specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *International Bhd. of Boilermakers,* 815 F.2d 912, 915 (3d Cir.1987), quoting *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 241, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1934).

■ The state court dismissal of the creditor's state fraud claims is an intervening event which prevents me from granting him effective appellate relief. The outcome of the creditor's state appeal is uncertain, at best. Thus any relief that I might

grant would be advisory and hypothetical because contingent on the success of the state appeal. Therefore, the appeal is now moot.

### B. The "Evading Review" Exception to Mootness

■ I also note that this appeal does not fall within the mootness exception which allows jurisdiction for issues "capable of repetition, yet evading review." *Southern Pacific Terminal Co. v. I.C.C.*, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911); *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 348, 46 L.Ed.2d 350 (1975) (refusing to review an otherwise moot appeal because case was not "capable of repetition"). The exception applies only where " '(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again.' " *Schepp v. Fremont County*, 900 F.2d 1448, 1453 (10th Cir.1990) (quoting *Weinstein*, 423 U.S. at 149, 96 S.Ct. at 348).

*Weinstein* created a conjunctive test. The creditor meets neither prong. The bankruptcy court's refusal to abstain was not an event or action too short in duration to be litigated before its expiration. Furthermore, if I dismiss this appeal, there is no reasonable expectation that the creditor will be subjected to another similar ruling by the bankruptcy court. Although the creditor claims that his state appeal will be successful, such a conclusion is speculative. This is especially true where the state court dismissed the creditor's case because his complaint was factually deficient. I cannot give an advisory opinion based upon such a hypothetical state of facts.

### III. Conclusion

The issue Sandlin raises on appeal is now moot. The "capable of repetition but evading review" exception is not applicable. I therefore **grant** the motion to dismiss.

