Filed: August 18, 2006

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 04-4288(L)
(CR-01-66-3-2-V)

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES EDGAR MUNSON,

Defendant - Appellant.

O R D E R

Appellant James Munson has filed a pro se "Motion to Correct the Record" in which he notes that the first sentence of the text of our opinion is incorrect. We grant his motion and amend our opinion accordingly. The first sentence of our opinion is amended to state:

> "James Edgar Munson and Ronald Washington appeal their jury convictions for conspiracy to possess with intent to distribute 1000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841, 846 (2000), and conspiracy to launder money, in violation of 18 U.S.C. § 1956(b) (2000)."

For the Court,

/s/ Patricia S. Connor
Clerk

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-4288**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES EDGAR MUNSON,

Defendant - Appellant.

_____

**No. 04-5015**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RONALD WASHINGTON,

Defendant - Appellant.

_____

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Richard L. Voorhees, District Judge. (CR-01-66-3-2-V)

_____

Submitted: April 26, 2006          Decided: May 17, 2006

_____

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded for resentencing by unpublished per curiam opinion.

---

Reita P. Pendry, Charlotte, North Carolina; Christopher J. Moran, Columbia, South Carolina, for Appellants. Gretchen C. F. Shappert, United States Attorney, D. Scott Broyles, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James Edgar Munson and Ronald Washington appeal their jury convictions for conspiracy to possess with intent to distribute 1000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841, 846 (2000), and conspiracy to launder money, in violation of 18 U.S.C. § 1956(b) (2000).

Munson and Washington contend several statements made during the Government's opening and closing statements referred to questionable evidence, relied on evidence not presented to the jury and constituted impermissible vouching for the truthfulness of witness's testimony. After a close review of the record, we reject these claims. See United States v. Golding, 168 F.3d 700, 702 (4th Cir. 1999) (holding defendant must show Government's remarks and conduct were improper and prejudice).

Munson and Washington also contend they were sentenced in violation of United States v. Collins, 415 U.S. 304 (4th Cir. 2005). The Government agrees and asserts the sentences should be remanded to the district court. Munson did not raise this claim in the district court, so his claim is reviewed for plain error. United States v. Olano, 507 U.S. 725, 731-32 (1993). To demonstrate plain error, a defendant must establish that error occurred, that it was plain, and that it affected his substantial rights. Olano, 507 U.S. at 731-32. If a defendant establishes these requirements, the court's "discretion is appropriately

3

exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 736 (internal quotation marks omitted). Washington did raise the claim below, so we review his claim de novo.

Under Collins, the jury must determine the specific amount of drugs attributable to each individual defendant for the purposes of setting a threshold drug quantity under § 841(b). Collins, 415 F.3d at 314. Individual members of a conspiracy should not be attributed the entire quantity of drugs distributed by the entire conspiracy. The parties agree that Munson and Washington were sentenced in violation of Collins because they were both individually attributed the drug quantity for the entire conspiracy. Both the indictment and the verdict forms asked the jury to determine the amount of drugs attributable to the entire conspiracy, not each individual defendant. Accordingly, we find plain error occurred in Munson's sentencing that should be corrected and that Washington's sentence was also in error.

We affirm the convictions and remand for resentencing. We decline to address Appellants' remaining arguments concerning the calculation of the quantities of drugs. We dispense with oral argument because the facts and legal contentions are adequately

4

presented in the materials before the court and argument would not aid the decisional process.[*]

AFFIRMED IN PART, VACATED IN PART,
AND REMANDED FOR RESENTENCING

---

[*]We grant Munson's motion to file a pro se supplemental brief and have considered the issues raised therein. We also grant Washington's motion to file a supplemental reply brief and have considered the supplemental reply brief as well.