**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 7, 2009

Charles R. Fulbruge III
Clerk

No. 08-41022
Summary Calendar

JON MICHAEL WITHROW,

Plaintiff-Appellant,

v.

ELIZABETH ANN MILLER; JOHN DOE; JANE DOE,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas, Tyler Division
USDC No. 6:07-CV-455

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jon Michael Withrow, Texas prisoner # 675379, appeals the magistrate judge's grant of defendant Elizabeth Ann Miller's motion for summary judgment on the ground that Withrow's 42 U.S.C. § 1983 action was moot. Withrow alleged that Miller confiscated mail and refused to allow him to receive mail concerning other prisoners' litigation which he was assisting. The Texas Department of Criminal Justice Director's Review Committee initially upheld

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Miller's actions, but reversed its position after Withrow filed his § 1983 action in court.

Miller filed a motion for summary judgment in which she asserted that Withrow would henceforth be allowed to receive mail concerning other prisoners' litigation, as he requested. Miller also asserted, without a sworn attestation, that documents attached to her motion were the documents she had confiscated and that they were being returned to Withrow with the motion. She thus argued that the case was moot because there was no longer a case or controversy. In his motion to alter judgment, Withrow contended that Miller's unauthenticated documents were not competent summary judgment evidence.

The magistrate judge, deciding the case by consent of the parties, granted Miller's motion for summary judgment and dismissed Withrow's complaint, reasoning that the case was moot. In response to Withrow's timely motion under Fed. R. Civ. P. 59, the court took "judicial notice" that the documents filed by Miller were "public records." Although the magistrate judge's grant of summary judgment was improper, we agree that the case was moot, and we affirm the dismissal of the cause for lack of subject matter jurisdiction.[1]

## I.

On appeal, Withrow contends that summary judgment was improper because Miller's documents were not authenticated and because the court improperly decided a contested factual issue. Miller did not authenticate her documents with a sworn statement that they were the same documents confiscated from Withrow. Unsworn documents generally cannot support a summary judgment motion. *See Eguia v. Tompkins*, 756 F.2d 1130, 1136 (5th

---

[1] This court "will not reverse a judgment of the district court if it can be affirmed on any ground regardless of whether the district court articulated the ground." *Hager v. NationsBank N.A.*, 167 F.3d 245, 247 (5th Cir. 1999) (internal quotation marks and citations omitted).

Cir. 1985) (finding that any error was harmless where a summary judgment motion was "supported by unauthenticated documents").

Although the magistrate judge improperly characterized the rejection of Withrow's claim for injunctive relief as a grant of Miller's summary judgment motion, it is clear that the basis of the magistrate judge's opinion was actually a lack of subject matter jurisdiction because Withrow's claim was moot. This court is "not bound by the label a trial court puts on its opinion where underlying facts or the opinion as a whole indicate that a different action was in fact intended." *Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1037 (5th Cir. 1981); *see also Tuley v. Heyd*, 482 F.2d 590, 593 (5th Cir. 1973) ("It is a familiar principle that the label a district court puts on its disposition of a case is not binding on a court of appeals.").

Because the magistrate judge's decision was based on the jurisdictional issue of mootness, the magistrate judge was not limited by the procedural restrictions that govern a motion for summary judgment. At issue in this case "is the trial court's jurisdiction — its very power to hear the case." *Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981). Therefore, "there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* at 413. Even in the face of a factual dispute, the magistrate judge had authority to dismiss the action based on "the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* Where the court has relied "on its own determination of disputed factual issues, we must then review those findings as we would any other district court resolution of factual disputes — we must accept the district court's findings unless they are 'clearly erroneous.'" *Id.* (citations omitted).

Withrow challenges only the technical correctness of summary judgment and does not advert to any evidence contradicting the magistrate judge's finding that Miller returned the confiscated documents. He concedes that he does not know what documents were actually mailed and that Miller does. In addition,

a website user identification number present in Miller's documents was the same one used by Withrow's friend to gain access to the documents. Withrow offers only speculation that Miller reprinted the documents herself after destroying the confiscated ones.

Withrow also contends that the magistrate judge erred by taking judicial notice of "the documents" confiscated, which were filed by Miller on the grounds that they were "public records" and determining that they were "the actual documents that were confiscated." This action was in error as judicial notice may be taken only of a fact that "is 'not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned.'" *Taylor v. Charter Medical Corp.*, 162 F.3d 827, 829 (5th Cir. 1998) (quoting Fed R. Evid. 201). Even if the documents presented by Miller were properly characterized as "public records," that characterization is not probative of whether the documents were the same documents that were mailed to Withrow. Because it was subject to reasonable dispute whether the filed documents were the confiscated documents, the issue was not susceptible to judicial notice. *See* Fed R. Evid. 201(b). The error was harmless, however, because the court was permitted to make factual findings concerning its jurisdiction, and its finding that the confiscated documents were returned to Withrow was not clearly erroneous.

Withrow also argues that the magistrate judge erred by considering Miller's documents because they were "disclosed" after the deadline set forth for disclosures in the magistrate judge's scheduling order. This contention is frivolous because a challenge to the court's jurisdiction may be made at any time. *Carr v. Saucier*, 582 F.2d 14, 16 (5th Cir. 1978).

Ultimately, Withrow fails to show that there was any continuing case or controversy which provided the magistrate judge with jurisdiction to hear the case. Withrow has not proven that the magistrate judge committed clear error

4

in finding that the confiscated documents were returned, and he acknowledged in his motion for summary judgment that as "the Defendants are now allowing him to receive [mail concerning other prisoners' litigation], he has obtained all the relief requested and it appears to him that an order from the Court is no longer necessary." Because the case was moot, dismissal for lack of jurisdiction is proper. *See Rocky v. King*, 900 F.2d 864, 867 (5th Cir. 1990).

## II.

We also affirm the magistrate judge's determination that Withrow is not entitled to costs. To recover costs of litigation in a § 1983 action, the party seeking recovery must be a "prevailing party." Withrow is not a prevailing party under 42 U.S.C. § 1988(b) where his lawsuit was the catalyst for a voluntary change in the defendant's behavior in absence of "a judicially sanctioned change in the legal relationship of the parties" bearing the necessary "judicial *imprimatur*," such as a court judgment or consent decree. *Buchannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health and Human Res.*, 532 U.S. 598, 605 (2001); *see Dearmore v. City of Garland*, 519 F.3d 517, 521 (5th Cir. 2008). As no such judgment has been entered, Withrow is not entitled to recover his litigation costs.

The judgment of the magistrate judge dismissing the complaint is AFFIRMED.