Mary Lou
**WESTMORELAND, Petitioner,**

v.

**NATIONAL TRANSPORTATION SAFE-TY BOARD and Federal Aviation Administration, Respondents.**

Nos. 86–5414, 86–5714.

United States Court of Appeals,
Eleventh Circuit.

Dec. 14, 1987.

Leonard H. Thornton, Miami Lakes, Fla., for petitioner.

Vicki Sherman Leemon, F.A.A., Office of the Chief Counsel, Washington, D.C., Peter J. Lynch, for respondents.

Before RONEY, Chief Judge, VANCE, Circuit Judge, and PITTMAN *, Senior District Judge.

PER CURIAM:

Mary Lou Westmoreland petitions for review of the National Transportation Safety Board's (NTSB) order affirming the Federal Aviation Administration's (FAA) Emergency Order suspending her Commercial Pilot Certificate with Multi–Engine and Instrument Ratings. Westmoreland, an FAA Aviation Safety Inspector, argues that the FAA suspended her license in retaliation for filing a civil rights complaint against her supervisor and that the NTSB failed to properly consider this claim.

After oral argument, at the request of this Court, the parties briefed the issue of whether this appeal has been rendered moot since Westmoreland has regained her Commercial Pilot Certificate. After full consideration of the facts and arguments, we decide that this action is moot.

On October 1, 1985, FAA Aviation Safety Inspector William J. Truebe administered a flight check to Westmoreland. The purpose of the evaluation was to determine if she could meet the minimum standards required of an applicant for a Flight Instructor Certificate with Multi–Engine and Instrument Ratings. The flight check was given to Westmoreland after more than 30 hours of training conducted between March and October 1985. Aviation Inspector Truebe filed a written report on October 9, 1985, in which he concluded that he would not recommend Westmoreland for a multi-engine instrument instructor rating. On October 11, 1985, Westmoreland's supervisor, Larry Youngren, requested that Westmoreland undergo a reexamination of her competency as a commercial pilot. Westmoreland had previously filed a civil rights complaint against Youngren in June 1985. *See Westmoreland v. FAA*, No. 86–0929 (S.D.Fla.). Westmoreland at first refused to take the examination on the ground that the request was retaliatory.

On October 31, 1985, the FAA, through Regional Counsel, entered an Emergency Order pursuant to section 609 of the Federal Aviation Act, 49 U.S.C.A. § 1429(a), suspending Westmoreland's Commercial Pilot Certificate until such time as she passed a flight reexamination. On appeal to the NTSB, the administrative law judge (ALJ) modified the FAA's order to suspend only Westmoreland's Flight Instructor Certificate. On January 21, 1986, the full Board reversed the ALJ and reinstated the FAA's order. The Board denied Westmoreland's subsequent Petitions for Reconsideration and Motion to Reopen the Hearing.

At that point, in June 1986, Westmoreland took and passed the flight reexamination and recovered her commercial pilot privileges. Claiming harm to her career, however, Westmoreland seeks to "set aside," pursuant to 49 U.S.C.A. § 1486(d), the NTSB's decision temporarily suspending her Commercial Pilot Certificate.

 Federal courts do not have jurisdiction under the Article III "Case or Controversy" provision of the United States Constitution to decide questions rendered moot by reason of intervening events. When effective relief cannot be granted because of later events, the appeal must be dismissed as moot. *See, e.g., C & C Products, Inc. v. Messick*, 700 F.2d 635, 636 (11th Cir.1983). A case is moot when the issues are no longer "live" or when the

---

* Honorable Virgil Pittman, Senior U.S. District Judge for the Southern district of Alabama, sitting by designation.

parties have no "legally cognizable interest" in the outcome of the litigation. *Murphy v. Hunt,* 455 U.S. 478, 481, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982).

This suit was brought for the purpose of requiring the defendants to reinstate Westmoreland's Commercial Pilot Certificate. Since Westmoreland has regained her Commercial Pilot Certificate, there is no need for the Court to grant that relief. The administrative order which suspended Westmoreland's commercial pilot privileges lapsed, according to its own terms, once she successfully passed the flight reexamination. Westmoreland argues that a live controversy remains because she might be disqualified from potential future employment if she had to disclose that her Commercial Pilot Certificate had once been suspended. The possibility of this harm, however, is too speculative to create a cognizable interest in the outcome of this litigation for Westmoreland.

In a recent case, *Sandidge v. State of Washington,* 813 F.2d 1025 (9th Cir.1987), the Ninth Circuit deemed moot a claim analogous to that raised by Westmoreland. In that case, the plaintiff alleged that he received a substandard evaluation of his performance as a National Guard officer in retaliation for his refusal to join the National Guard Association. Because plaintiff subsequently left the National Guard, the court found that an order requiring the revision of plaintiff's evaluation would not provide any meaningful relief. As to the possibility that plaintiff might be prejudiced by the evaluation in seeking future employment, the court stated:

> Sandidge contends that his case is not moot because the evaluation might adversely affect a future search for certain types of jobs. However, during oral argument, his counsel was unable to specify even one such job for which Sandidge has in fact applied. Such speculative claims of hardship do not convince us that an opportunity to provide meaningful relief still exists. Therefore, we hold that his case is moot.

*Id.* at 1025–26.

This appeal is not saved by the "capable of repetition, yet evading review" exception to the mootness doctrine. That exception has been limited to cases where the following two elements are found: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 348, 46 L.Ed.2d 350 (1975). Westmoreland's claim cannot be characterized as presenting either of these elements.

■ Normally when intervening mootness stands in the way of appellate review, the appellate court vacates the unreviewed court judgment to prevent its having preclusive effect in subsequent litigation. *United States v. Munsingwear, Inc.,* 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950). This doctrine also extends to unreviewed administrative orders. *A.L. Mechling Barge Lines, Inc. v. United States,* 368 U.S. 324, 82 S.Ct. 337, 7 L.Ed.2d 317 (1961). Rather than apply this rule automatically, however, a court should look to the policies behind *Munsingwear* and *Mechling* to see if they are implicated. *See Radiofone, Inc. v. FCC,* 759 F.2d 936, 940 (D.C. Cir.1985).

The instant case is moot because the order of suspension lapsed as soon as Westmoreland successfully passed her reexamination. The holding of the Court is that the claim of hardship due to the lapsed suspension order is too speculative to justify further review. Since we have thus concluded there is an insufficient showing that the administrative order will have any real continuing effect on Westmoreland, it would be incongruous for this Court to apply *Munsingwear* and *Mechling* and vacate the order.

DISMISSED.