29 F.3d 633
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Edward NORRIS, Petitioner,
v.
NATIONAL TRANSPORTATION SAFETY BOARD; FEDERAL AVIATION
ADMINISTRATION, Respondents.
 No. 92-70806.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1994.*
Decided July 18, 1994.
 
 Before: GOODWIN, D.W. NELSON, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner James Edward Norris petitions for review of a decision of the National Transportation Safety Board affirming an emergency order of the Federal Aviation Administration (FAA). The FAA's order suspends Norris' airline transport pilot and flight instructor certificates until he successfully completes a competency reexamination. We have jurisdiction under 49 U.S.C. Sec. 1486(a).
 
 
 3
 The Administrator is authorized to order reexamination of any airman who appears unqualified. 49 U.S.C.App. Sec. 1429(a). Where an airman has refused to comply with a properly supported request for reexamination, the Administrator has suspended the airman's certificates until he again demonstrates proficiency. See Administrator v. Westmoreland, 5 NTSB 871 (1986), recon. den., 5 NTSB 877 (1986), dismissed as moot, Westmoreland v. NTSB, 833 F.2d 1461 (11th Cir.1987); Administrator v. Ringer, 3 NTSB 3948 (1981); Administrator v. Harrington, 1 NTSB 1042, 1043 (1971); Administrator v. Phillips, 1 NTSB 615, 616 (1969). Norris' sanction of suspension is consistent with this practice. See Kolek v. Engen, 869 F.2d 1281, 1285 (9th Cir.1989) (reviewing sanction for consistency with past practice).
 
 
 4
 Norris argues, however, that his selection for reexamination was racially motivated. He claims error in the Administrative Law Judge's (ALJ) decision to exclude evidence that would have shown how others were treated in similar situations.
 
 
 5
 The Administrator presented evidence that Norris' flight skills were deficient in nine areas, including navigation, altitude control and instrumentation. An example of this evidence was testimony that on one occasion Norris became disoriented while flying a plane and required the assistance of an inspector to find his destination. Considering the number and nature of the deficiencies, we find that there were reasonable grounds to question Norris' ability to complete flights safely and hence, to order his reexamination. Because the Administrator demonstrated reasonable grounds for its request, the NTSB did not act arbitrarily or capriciously in limiting evidence that might establish other reasons for the reexamination.[1] Winslow v. National Transp. Safety Bd., 885 F.2d 615, 617 (9th Cir.1989) (board decisions upheld "unless they are 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.").
 
 
 6
 Norris also contends that the Board's action violates FAA Order 8400.10 Chg 7 because the order of reexamination was not precipitated by an "event." Order 8400.10 provides that "reexaminations ... are not normally conducted unless an event occurs that calls into question the airman's competency. The event may have been an accident or an incident, or it may have occurred during a surveillance by the inspector." FAA Order 8400.10 Chg 7 p 653. Although failure "to perform a particular maneuver to the standards of the pilot's airman certificate" will not justify ordering reexamination, performance demonstrating "clear evidence of incompetence" will support such an order. Id. p 657 (emphasis added). As we have explained, Norris' reexamination order was triggered not by failure to perform a particular maneuver but by several episodes that highlighted numerous and diverse deficiencies in Norris' flight skills and gave the Administrator cause to question Norris' competence as an airman. Norris' order of reexamination complied with the requirements of Order 8400.10.
 
 
 7
 Petition for review is DENIED. Respondents' "Motion to Strike Petitioner's 'Submission and Oral Argument Statement' and Petitioner's First, Second, and Third 'Emergency Supplements to the Submission and Oral Argument Statement' " is GRANTED. Norris' "Motion to Allow Filing of the First Supplement to the Optional Reply Brief" is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34.4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 During these events, Norris was an FAA employee as well as a certified airline transport pilot and flight instructor. Many of Norris' allegations, such as his claims of inadequate training and deprivation of flight hours, arise from his employment relationship with the FAA. Those claims would be more appropriately advanced in Norris' action alleging employment discrimination