30 F.3d 133
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ADVANCED MEDICAL SYSTEMS, INC.; Seymour Stein, Dr.,
Petitioners-Appellants,
v.
UNITED STATES NUCLEAR REGULATORY COMMISSION; United States
of America, Respondents-Appellees.
 No. 93-3602.
 United States Court of Appeals, Sixth Circuit.
 July 18, 1994.
 
 Before: MILBURN and NELSON, Circuit Judges, and COOK, Chief District Judge.[1]
 PER CURIAM.
 
 
 1
 This matter comes before us on a petition for review of an order in which the Nuclear Regulatory Commission dismissed as moot an appeal from a decontamination order. The petitioner, an NRC licensee, had been ordered to clean up a manufacturing facility that was contaminated with radioactive materials. The petitioner requested a hearing before the NRC Licensing Board, but completed the cleanup before the Board rendered a decision. The Board then dismissed the case on mootness grounds, and the NRC denied a petition for review.
 
 
 2
 We agree with the NRC that the matter is moot. Accordingly, we shall remand the case to the NRC with instructions to vacate the challenged order.
 
 
 3
 * The petitioner, Advanced Medical Systems, Inc., is in the business of assembling, installing, and servicing medical equipment that uses radioactive materials. The company operates under a license from the NRC. In 1985 the NRC found that the company's assembly facility was in need of decontamination, and Advanced Medical was eventually asked to furnish a plan for accomplishing this. More than a year passed as Advanced Medical negotiated the terms and timing of the decontamination plan and awarded a contract for doing the work. The NRC became concerned over the pace at which matters were proceeding, and on July 23, 1987, it ordered Advanced Medical to begin decontaminating by the end of August. By its terms, the order was to take effect immediately. On October 30, 1987, the NRC issued an order that allowed Advanced Medical to delay the start of decontamination briefly.
 
 
 4
 Advanced Medical requested a hearing before the NRC's Atomic Safety & Licensing Board, asserting that the decontamination order was unjustified. While the request was pending, Advanced Medical's contractors began the decontamination work.
 
 
 5
 The Licensing Board held a hearing on the matter in July of 1988. During that hearing, at the request of Advanced Medical's attorney, the Board ordered the proceeding held in abeyance on the ground that the decontamination work was nearing completion. The work was ultimately finished in 1989.
 
 
 6
 On December 14, 1992, the Licensing Board dismissed the proceeding as moot. Advanced Medical petitioned the NRC for review of the Licensing Board's decision, arguing that the order had produced adverse effects that lingered on notwithstanding that the order had been complied with. On March 30, 1993, the NRC denied the petition for review.
 
 II
 
 7
 * Mootness is a jurisdictional matter in that "the exercise of judicial power under Article III of the Constitution depends on the existence of a case or controversy." Int'l Union v. Dana Corp., 697 F.2d 718, 720 (6th Cir.1983) (en banc). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969).
 
 
 8
 It is undisputed that Advanced Medical has long since complied with the challenged order. However, compliance with an agency order does not necessarily preclude judicial review; if the order has continuing adverse effects, the courts may still have jurisdiction. Thus in ConnAire, Inc. v. Secretary, United States Dep't of Transp., 887 F.2d 723 (6th Cir.1989), we held that an appeal of a license suspension by the Federal Aviation Administration was not moot, even though the term of the suspension had already expired. We noted that the existence of the suspension on ConnAire's record could result in a penalty enhancement should the FAA subsequently conclude that ConnAire had committed another violation. In addition, the suspension had the potential to affect future litigation arising out of the proceedings. Id. at 725-26.
 
 
 9
 Nevertheless, a "threat to petitioners, based on the mere speculative contingency that [adverse consequences will flow from a dismissal on mootness grounds] cannot be said to be sufficiently real and immediate to show an existing controversy." Deakins v. Monaghan, 484 U.S. 193, 200 n. 4 (1988) (citations and internal quotes omitted). The alleged harm from a challenged agency order that has already been complied with may simply be "too speculative to create a cognizable interest." ConnAire, 887 F.2d at 725, citing Westmoreland v. Nat'l Transp. Safety Bd., 833 F.2d 1461 (11th Cir.1987).
 
 
 10
 Advanced Medical maintains here that it continues to suffer adverse consequences as a result of the decontamination order. It contends, for one thing, that the order has caused unflattering newspaper reports and other negative publicity. At bottom, however, the publicity stemmed from the undisputed existence of extensive contamination at the company's facility, and not merely from the order to clean the facility up.
 
 
 11
 In a reply brief filed in this court, Advanced Medical contends for the first time that the order formed the basis for a legal proceeding brought against it by the Northeast Ohio Regional Sewer District. But nothing in the record supports the company's assertion that it was the order, as opposed to the contaminated state of the facility, that gave rise to the lawsuit. And there is no reason to believe that a decision in favor of Advanced Medical on the merits of the order would affect the company's litigation exposure.
 
 
 12
 Advanced Medical also argues that the NRC may cite the order in future enforcement proceedings against the company, perhaps resulting in increased penalties. The NRC has concluded, however, that there is "no real possibility, absent some extraordinary circumstance not described for us here, that the order[ ] would be used as a basis for escalating any future enforcement sanctions." The NRC's own regulations do not permit it to use the order to enhance civil penalties in future actions against Advanced Medical. See 10 C.F.R. Part 2, App. C, Section VI.B.2(c) (1994).
 
 
 13
 In 1989, moreover, the NRC renewed Advanced Medical's license; there is thus no reason to suppose that the 1987 decontamination order could interfere with Advanced Medical's ability to keep its license. All in all, the risk that the NRC will somehow use the order against Advanced Medical in the future appears to us to be too speculative to create a current live controversy in which the company has a legally cognizable interest.
 
 
 14
 Advanced Medical maintains that this dispute comes within the exception that has been carved out of the mootness doctrine for disputes "capable of repetition, yet evading review." We disagree. That exception applies only when: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." Weinstein v. Bradford, 423 U.S. 147, 149 (1975). Here the challenged action, "unlike elections, trials, pregnancies, or public school years, [was] not inherently short in duration." Conyers v. Reagan, 765 F.2d 1124, 1128 (D.C.Cir.1985) (footnotes omitted). On the contrary, it took Advanced Medical two years to fully comply with the order. If Advanced Medical wanted review on the merits, it could have obtained such review: it could have refused to comply with the order pending a hearing on the merits, or it could have sought a stay pendente lite. It certainly should not have asked that the hearing on the merits be held in abeyance pending completion of the work.
 
 
 15
 The issue raised by the challenged order is not one that it is capable of repetition. The order was based on the particular facts and circumstances surrounding a particular facility in 1987, including the level of contamination and Advanced Medical's progress in conducting the decontamination. Under these very specific circumstances, the legality of the order is a question not easily capable of repetition. Any future orders that the NRC might issue to Advanced Medical would be based on new and different facts and circumstances. The NRC was correct in concluding that the administrative petition for review should be dismissed as moot.
 
 B
 
 16
 It is well established that when a case has become moot in the course of an appeal from a district court judgment, the appellate court should vacate the judgment rather than merely dismissing the appeal and allowing the judgment to stand. See United States v. Munsingwear, Inc., 340 U.S. 36, 40 (1950); WJW-TV, Inc. v. Cleveland, 878 F.2d 906, 912 (6th Cir.), cert. denied, 493 U.S. 819 (1989). This principle was extended to the administrative arena in A.L. Mechling Barge Lines, Inc. v. United States, 368 U.S. 324, 329 (1961), where the Supreme Court held that a reviewing court should vacate an administrative order review of which has been precluded by the matter's having become moot. Cf. United States v. Taylor, 8 F.3d 1074, 1076 (6th Cir.1993) (vacating administrative order with which the plaintiff had complied and that had expired pending appeal).
 
 
 17
 Accordingly, we DENY the petition for review and REMAND the case to the NRC with instructions to vacate the challenged order.
 
 
 
 [1]
 The Honorable Julian A. Cook, Jr., Chief Judge of the United States District Court for the Eastern District of Michigan, sitting by designation