Doris KROHN, Plaintiff–Respondent,

v.

REDINGS MILL FIRE DEPARTMENT, Defendant–Appellant.

No. 19257.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 21, 1995.

Theresa L. Ohler, Blanchard, Van Fleet, Martin, Robertson & Dermott, P.C., Joplin, for defendant-appellant.

Abe R. Paul, Paul Law Firm, P.C., Pineville, for plaintiff-respondent.

CHARLES B. BLACKMAR, Senior Judge.

Doris Krohn sued Redings Mill Fire Department and Williams Natural Gas Company for damages for personal injuries sustained while riding as a passenger in a car driven by her husband. The jury awarded her $28,429.29 damages against Williams, but found against her and in favor of the fire department. The trial court sustained her motion for new trial against the fire department, which now appeals. Defendant Williams did not appeal, and paid the judgment against it, which is shown as satisfied on the record. Inasmuch as the trial judge did not specify the ground for granting a new trial against the fire department, the plaintiff-respondent filed the first brief pursuant to Rule 84.05(c). She argues that the new trial was properly granted on account of error in instructions.

We find it unnecessary to consider the interesting problems of instruction posed because, by reason of the satisfaction of the judgment rendered on the jury's verdict, the plaintiff has no further right of recovery. The plaintiff may sue as many defendants as she chooses, and recover multiple judgments, but she is entitled to only one satisfaction. She was a party to the suit in which a verdict was rendered fixing her damages, and has not appealed contesting the adequacy of that judgment. By the teaching of *Helm v. Wismar,* 820 S.W.2d 495 (Mo. banc 1991), the verdict is binding on her. This case is even stronger than *Helm* for binding the plaintiff and defendant fire department, because both had the opportunity to offer whatever evidence they desired on the amount of damages whereas, in *Helm,* the employer defendant had successfully sought to be excused before final argument, and would not have been bound by a verdict it considered too large (see the writer's partial dissent in *Helm* ). See also *Brickner v. Normandy Osteopathic Hospital, Inc.,* 687 S.W.2d 910 (Mo.App.1985), in which a verdict against joint defendants was affirmed as to one, but reversed and remanded for new trial against the other. The court held that the new trial was to be on liability only, and that the verdict fixed the amount of damages against both defendants.

The plaintiff cites *Bartlett v. Kansas City Southern Railway Co.,* 854 S.W.2d 396 (Mo. banc 1993), where a judgment, by which the jury had found comparative fault, was reversed and the case remanded for new trial. The court concluded that the new trial should cover liability and damages, because of the special problems presented by comparative fault submissions. *Helm* rather than *Bartlett* controls here.

In the *Helm* and *Brickner* cases, new trials on liability were ordered. This was not inappropriate, because in neither case did the record show that the judgment had been satisfied, and the plaintiff might need a judgment against another, possibly solvent, defendant. Here, however, the judgment has been paid. There is no occasion for a new trial, because the plaintiff could not possibly better her position by a retrial on liability. Williams has made no claim in this proceeding seeking contribution from the fire department. It is appropriate, therefore, to vacate the order granting a new trial and to remand the case to the circuit court with directions to dismiss the claim against the fire department as moot.

GARRISON, P.J., and CROW, J., concur.