**PUBLISH**

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE ELEVENTH CIRCUIT**

No. 94-4118

D. C. Docket No. 91-708-CR-JAG

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellant,

          versus

HARVEY N. SHENBERG,
ALFONSO C. SEPE,
DAVID GOODHART,

                                        Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Florida

**(July 12, 1996)**

Before HATCHETT and BARKETT, Circuit Judges, and GODBOLD, Senior
Circuit Judge.

HATCHETT, Circuit Judge:

     The court dismisses this appeal because the ruling in a
consolidated case has rendered the issue in this case moot.

### FACTS

     In 1989, federal and state prosecutors set-up a "sting
operation" called "Operation Court Broom" to investigate alleged
corruption in the Circuit Court of Dade County, Florida.  As a

result of the investigation, a federal grand jury in the Southern District of Florida returned a 106-count indictment against County Judge Harvey Shenberg, David Goodhart, a lawyer, and seven other persons for conspiring to violate the Racketeer Influence and Corruption Act (RICO), and related crimes including multiple acts of bribery, extortion, mail fraud, money laundering, and case fixing.

The district court severed the trials of Shenberg, Goodhart, and two codefendants from the remaining codefendants. The trial commenced in September 1992. On April 26, 1993, the jury returned verdicts finding Shenberg and Goodhart guilty of RICO conspiracy, and finding Shenberg guilty of attempted extortion. The other charges against Shenberg, Goodhart, and the two codefendants either resulted in acquittals or hung jury verdicts.

In July 1993, Shenberg and Goodhart appealed. Shortly after the filing of their appeals, the government served Shenberg and Goodhart with grand jury subpoenas seeking information about other persons not previously indicted. Based upon Shenberg and Goodhart's representations to the government that they intended to invoke their Fifth Amendment privilege before the grand jury, the government granted Shenberg and Goodhart "use" immunity pursuant to 18 U.S.C. §§ 6002-6003. Thereafter, Shenberg and Goodhart filed motions, under seal, to quash the subpoenas contending that the government's grant of immunity did not sufficiently protect them against self-incrimination on the mistried counts. On September 28, 1993, the district court entered an order quashing the subpoenas without prejudice, ruling

2

that the government could re-serve the subpoenas at the conclusion of the appellees' retrial on the mistried counts.

The government then filed a motion to dismiss the mistried counts against Shenberg and Goodhart, without prejudice, and a motion to reconsider the order quashing the subpoenas. In support of its motion to reconsider, the government asserted that it would only pursue prosecution on the mistried counts if Shenberg and Goodhart's convictions were reversed on appeal. The district court granted the government's motion. On reconsideration, however, the district court reaffirmed its decision to quash the subpoenas finding that the indictment still subjected the appellees to further prosecution because the government would only dismiss the mistried counts without prejudice. The government filed this appeal.

## DISCUSSION

The government filed this appeal challenging the district court's order quashing the grand jury subpoenas contending that "use" immunity under l8 U.S.C. §§ 6002-6003 sufficiently protects appellees' Fifth Amendment right against self-incrimination. See Kastigar v. United States, 406 U.S. 44l (l972). In the district court's order quashing the grand jury subpoenas, the court ruled that the government could re-serve the subpoenas at the conclusion of the retrial on the mistried counts.

As a result of our affirmance of the appellees' convictions in the consolidated case of United States v. Shenberg, et al., Nos. 93-4798 and 93-4906, and the government's agreement to dismiss with prejudice the mistried counts against the appellees

3

in the event of our affirmance, the indictment no longer subjects appellees to further prosecution.  Consequently, the district court's grounds for quashing the subpoenas no longer exist. Where intervening events render issues on appeal moot, "[f]ederal courts do not have jurisdiction under the Article III 'Case or Controversy' provision of the United States Constitution to decide [the questions of law raised]."  <u>Westmoreland v. National Transportation Safety Board</u>, 833 F.2d l46l, l462 (llth Cir. l987).  Because these intervening events permit the government to re-serve the subpoenas, we hold the issue on appeal is now moot.

### CONCLUSION

For the reasons stated above, this appeal is dismissed as moot.

### DISMISSED