THOMPSON, Judge.
This petition arises from an exceptionally unusual set of circumstances. We will give a brief summary of the facts.
When Mike Hale took office in early 1999 as sheriff of Jefferson County, he demoted Lt. Gary Garnette to the position of deputy sheriff, as a disciplinary measure. Garnette appealed the disciplinary action to the Jefferson County Personnel Board. On August 17, 1999, the personnel board affirmed the disciplinary action. Garnette appealed the personnel board’s decision to the circuit court, to be reviewed by a three-judge panel pursuant to Act No. 679, 1977 Ala. Acts 1176. On November 5, 1999, while Garnette’s appeal remained pending before the circuit court, the Alabama Supreme Court issued its decision in Eubanks v. Hale, 752 So.2d 1113 (Ala.1999), marking the end of the dispute over the 1998 Jefferson County sheriffs election and determining that Jim Woodward had won that election. Hale left office and Woodward assumed the office of Jefferson County sheriff on the date that opinion was released.
*1264 Thereafter, on January 24, 1999, Woodward restored Garnette to his former rank of lieutenant. On January 25, 1999, the day after Woodward promoted Garnette, the sheriffs office filed in the circuit court a motion to dismiss and a suggestion of mootness, accompanied by a memorandum and exhibits. On January 27, 2000, Gar-nette moved to dismiss the appeal, stating that he had been restored to his former position and that he was waiving any claim he might have for retroactive benefits that had accrued during the months he had been demoted pursuant to Sheriff Hale’s disciplinary action. After Garnette filed his motion, but before the trial court ruled on it, the personnel board, by letter dated January 31, 2000, informed the Jefferson County Commission’s payroll-services manager that from that date Garnette would be paid the salary of deputy sheriff rather than the salary commensurate with his reinstated position of lieutenant. That letter also stated that Woodward’s reinstatement of Garnette was invalid because it “violate[d] the Rules and Regulations of the Personnel Board.” On February 1, 2000, the three-judge panel of the Circuit Court of Jefferson County dismissed the appeal, on Garnette’s motion.
The Jefferson County Sheriffs Department filed a motion pursuant to Rule 59, Ala.R.Civ.P., to alter or amend the judgment, moving the court to amend its order of dismissal to vacate the August 17, 1999, decision of the personnel board affirming Sheriff Hale’s disciplinary action demoting Garnette. On April 5, 2000, the three-judge panel denied the postjudgment motion of the sheriffs department. The sheriffs department petitioned this court for a writ of certiorari. In its petition the sheriffs department contends that the circuit court erred in denying its motion to amend its judgment of dismissal to vacate the August 17, 1999, personnel board decision.
Common-law petition for writ of certiorari is the proper method for seeking review of circuit court decisions involving appeals from the Jefferson County Personnel Board. Ex parte Personnel Bd. of Jefferson County, 513 So.2d 1029 (Ala.Civ.App.1987). “Under the appropriate standard of review for cases before this court on certiorari, this court is limited to a review of whether the circuit court properly applied the law and whether the decision is supported by any legal evidence.” Id at 1031. Here, the circuit court made no findings of fact; the three-judge panel entered the following order:
“At the scheduled hearing of January 27, 2000, before this three-judge panel, Plaintiff voluntarily filed his motion to dismiss the appeal.
“Therefore, the action is dismissed on motion of Plaintiff, costs taxed as paid.”
In its appeal brief, the sheriffs department raises only questions of law; this court reviews issues of law de novo. Roberts v. Joiner, 590 So.2d 195 (Ala.1991). The sheriffs department contends that the trial court erred in denying its post-judgment motion to direct the personnel board to vacate its August 17, 1999, decision affirming Sheriff Hale’s disciplinary action against Garnette. It argues that Garnette should not be subjected to harsh consequences as a result of the personnel board’s earlier decision, which cannot now be reviewed because his action has become moot through changed circumstances. The sheriffs department cites United States v. Munsingwear, Inc., 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950), as support for its position. Munsingwear is the United States Supreme Court’s most cited case on disposing of appeals that are mooted by changed circumstances. In that case, the Government alleged violations of a maxi *1265 mum-price regulation and sued, seeking injunctive relief and treble damages. The treble-damages claim was stayed pending trial of the injunctive claim. The district court held that Munsingwear’s prices were in compliance with the regulation and dismissed the complaint. The Government appealed, but during the pendency of its appeal, the commodity involved was decontrolled. Munsingwear moved to dismiss the appeal on the ground of mootness, and the court of appeals granted its motion. Thereafter, Munsingwear moved in the district court to dismiss the treble-damages claims, on the ground that the unre-versed judgment in the injunctive action was res judicata. The district court granted the motion, and that ruling was affirmed by the court of appeals.
The United States Supreme Court affirmed, pointing out that the Government could have avoided the hardship caused by the application of res judicata by moving the court of appeals, at the time its appeal was dismissed as moot, to vacate the district court judgment that had determined Munsingwear was in compliance with the pricing regulation. The Munsingwear Court found that the Government had slept on its rights, stating:
“[I]f there is hardship in this case, it was preventable. The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss. That was said in Duke Power Co. v. Greenwood County, 299 U.S. 259, 267[, 57 S.Ct. 202, 81 L.Ed. 178 (1956) ] to be the ‘duty of an appellate court.’ That procedure clears the path for future re-litigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance. When that procedure is followed, the rights of all the parties are preserved; none is prejudiced by a decision which in the statutory scheme was only preliminary.”
340 U.S. at 89-40, 71 S.Ct. 104. Hence, the practice that has been referred to as the “Munsingwear doctrine” was devised to avert the preclusive effect of a judgment whose review has been “prevented through happenstance.”
The United States Supreme court extended the “Munsingwear doctrine” to un-reviewed administrative orders in A.L. Mechling Barge Lines, Inc. v. United States, 368 U.S. 324, 82 S.Ct. 337, 7 L.Ed.2d 317 (1961). The Mechling Barge Lines Court held that federal courts should vacate agency orders they decline to review on grounds of mootness. 368 U.S. at 329.
In U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994), the Supreme Court limited the Munsingwear doctrine by holding that the appellant’s settlement of a case prior to appellate review does not justify vacation. Noting that vacatur is an equitable power, the Court reasoned that an appellant who voluntarily moots an appeal through settlement thereby waives the right to complain about any injustice in leaving the lower court’s judgment intact. Id. at 25. The U.S. Bancorp Mortgage Co. Court explained the Munsingwear reference to “happenstance” as “an allusion to this equitable tradition of vacatur.” Id. That Court explained:
“A party who seeks review of the merits of an adverse ruling, but is frus *1266 trated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment. The same is true when mootness results from unilateral action of the party who prevailed below.”
Id. (citing Walling v. James, 321 U.S. 671, 64 S.Ct. 826, 88 L.Ed. 1001 (1944), and Heitmuller v. Stokes, 256 U.S. 359, 41 S.Ct. 522, 65 L.Ed. 990 (1921)). When an appeal from a state court becomes moot during its pendency, the United States Supreme Court typically vacates and remands for whatever proceedings the state court deems proper. DeFunis v. Odegaard, 416 U.S. 312, 320, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974).
The United States Court of Appeals for the Eleventh Circuit considered a vacatur request from a litigant claiming hardship as a result of a decision rendered by the National Transportation Safety Board (“NTSB”) that had become unreviewable because the underlying action had been mooted. Westmoreland v. National Transportation Safety Board, 833 F.2d 1461 (11th Cir.1987). Westmoreland, a Federal Aviation Administration (“FAA”) safety inspector, claimed her supervisor had asked that she undergo a reexamination of her competency as a commercial pilot after she had filed a civil-rights complaint against him; Westmoreland refused to take the examination, claiming the request was retaliatory. Thereafter, the FAA suspended her commercial pilot’s certificate pending her successful completion of the examination. Westmoreland appealed the suspension to the NTSB; it upheld the decision of the FAA. At that point, Westmoreland took the examination and passed, recovering her commercial-pilot privileges. The Eleventh Circuit dismissed the action as moot, reasoning that Westmoreland had initiated legal action to appeal the suspension of her commercial pilot’s certificate and that once she had regained her certificate she had no need for the court to grant that relief. West-moreland argued that she was prejudiced by the NTSB’s decision affirming the FAA’s suspension of her certificate, claiming that the preliminary judgment could disqualify her from future potential employment. Citing Munsingwear and Mechling Barge Lines, the court considered vacating the NTSB judgment, which was unreviewable because the case had become moot. The court stated:
“Normally when intervening mootness stands in the way of appellate review, the appellate court vacates the unre-viewed court judgment to prevent its having preclusive effect in subsequent litigation. This doctrine also extends to unreviewed administrative orders.”
833 F.2d at 1463. The Westmoreland court declined to apply the Munsingwear doctrine, however, concluding that the potential harm claimed by Westmoreland was too speculative to justify vacatur of the NTSB order. The Westmoreland court wrote: “Rather than apply this rule automatically, however, a court should look to the policies behind Munsingwear and Mechling to see if they are implicated.” Id.
Although Alabama authority provides little guidance on this question, other states have fully embraced the practice of vacating the lower-court decision when an appeal is rendered moot through no fault of the appellant. See, e.g., In re Jessica M., 250 Conn. 747, 738 A.2d 1087 (1999); Krohn v. Redings Mill Fire Dep’t, 893 S.W.2d 399 (Mo.App.1995); and Village of South Elgin v. City of Elgin, 203 Ill. App.3d 364, 149 Ill.Dec. 17, 561 N.E.2d 295 (1990).
*1267 Garnette’s appeal of the demotion has become moot, because he has been reinstated to his former position of lieutenant. Because the demotion was affirmed by the personnel board, Sheriff Woodward’s reinstatement of Garnette to his former position could be characterized as “the unilateral action of the party who prevailed below,” thereby invoking the Munsingwear doctrine. See U.S. Bancorp Mortgage Co., 513 U.S. at 25, 115 S.Ct. 386.
Further, the harm the sheriffs department seeks to escape is not speculative, as is evidenced by the letter in the record from the personnel board instructing the manager of payroll services to pay Gar-nette the salary for the position of deputy sheriff and to disregard Sheriff Woodward’s promotion of Garnette. The preliminary judgment entered by the personnel board affirming Sheriff Hale’s action is a direct impediment to Sheriff Woodward’s authority and ability to administer his own department.
Because the sheriffs department has specifically requested vacatur and because the unreviewed decision of the personnel board is adversely affecting the sheriffs ability to operate his department, we conclude that the trial court erred in denying the department’s request for vacatur. Accordingly, we affirm the trial court’s judgment to the extent it dismissed the appeal; we reverse the trial court’s judgment to the extent it denied the motion of the sheriffs department to vacate; and we remand the case with instructions for the trial court to direct the personnel board to vacate its August 17, 1999, decision affirming Garnette’s demotion.
In its appellate brief, the sheriffs department also argues that the personnel board lacked the authority to block Sheriff Woodward’s reinstatement of Garnette as lieutenant, with commensurate pay. The sheriffs department cites Whitten v. Lowe, 677 So.2d 778 (Ala.Civ.App.1995), as authority for this contention. Because we have concluded that the underlying action has become moot and the unreviewed personnel decision affirming Sheriff Hale’s demotion of Garnette is due to be vacated, we pretermit discussion of this issue.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
CRAWLEY, J., concurs.
ROBERTSON, P.J., and YATES, J., concur in the result.
MONROE, J., concurs in the result only.