PITTMAN; Judge.
On November 19, 2003, the Baldwin Circuit Court, in a declaratory-judgment action brought by Thomas M. Brabham, the owner of a condominium unit in a condominium in Orange Beach known as Sum-merchase, entered a judgment declaring that, under Summerchase’s Declaration of Condominium, a portion of the condominium’s common property elements could not be converted into an indoor swimming pool without the consent of all unit owners; that court also ruled that the share of the common expenses of any nonconsenting unit owner, such as Brabham, could not be increased. The defendants in that action, which included the Summerchase Condominium Owners’ Association, Inc. (“SCOA”), the board of directors of SCOA, and Young’s Realty, Inc., appealed from that judgment, and that appeal was transferred to this court by the Alabama Supreme Court, pursuant to § 12-2-7(6), Ala. Code 1975.
After all briefs were filed in this court, SCOA, its board of directors, and Young’s Realty, Inc., filed a motion to dismiss the appeal with instructions that the trial court’s judgment be vacated on the basis of mootness. According to that motion, *583 Brabham has conveyed his condominium unit to another party; thus, Brabham is no longer a record owner of any of the units at Summerchase and no longer has a substantial interest in the declaratory-judgment litigation giving rise to the appeal. Brabham has filed a response admitting that he is no longer an owner of a unit at Summerchase and conceding that he lacks a legally cognizable interest in the outcome of the litigation; however, he contends that the appeal is not moot because “there are 94 unit owners at Summerchase who have a vested interest in both understanding and enforcing” Summerchase’s Declaration of Condominium.[1]
“ ‘The general rule is that an appeal is subject to dismissal if, pending the appeal, an event occurs which makes a determination of the appeal unnecessary.’ ” Board of Adjustment of Montgomery v. Priester, 347 So.2d 530, 531 (Ala.Civ.App. 1977) (quoting Moore v. Cooke, 264 Ala. 97, 100, 84 So.2d 748, 749-50 (1956)). One such event is an elimination of a justiciable controversy between the parties pending appeal. See Water Works & Sewer Bd. of Birmingham v. Petitioners Alliance, 824 So.2d 705, 708 (Ala.2001) (dismissing appeal from action seeking declaratory relief on the basis that “a present controversy between any of the parties” did not exist).
During the time that Brabham was a unit owner at Summerchase, he was, in the language of our Declaratory Judgment Act, “[a] person interested under a deed, ... written contract, or other writing constituting a contract or whose rights, status, or other legal relations [wejre affected by a statute, ... contract, or franchise” with the right to have determined “any question of construction or validity arising under the instrument, statute, ... contract, or franchise” and to obtain “a declaration of rights, status or other legal relations thereunder.” Ala.Code 1975, § 6-6-223. It follows, then, that Brabham, in divesting himself of his interest in the subject matter of the action, waived his right to a declaration of his rights under Summer-chase’s Declaration of Condominium or Alabama statutes governing condominiums and thereby rendered nonjusticiable his controversy with the defendants.
It is well settled that an Alabama appellate court will not decide an appeal from a declaratory-judgment proceeding that has become moot because such a court “ ‘will not make a declaration in a declaratory judgment proceeding which will be futile.’ ” Petitioners Alliance, 824 So.2d at 708 (quoting City of Mobile v. Scott, 278 Ala. 388, 390, 178 So.2d 545, 547 (1965)). We thus agree with the defendants that the appeal is due to be dismissed. Moreover, as Judge Thompson noted in the main opinion in Ex parte Jefferson County Sheriffs Department, 806 So.2d 1262 (Ala.Civ.App.2000), where, as here, mootness on appeal results from the “ ‘unilateral action of the party who prevailed below,’ ” the judgment from which the appeal was taken should be dismissed with instructions that the judgment under review should be vacated. 806 So.2d at 1267 (quoting U.S. Bancorp Mortgage Co. v. Bonner Mall P’ship, 513 U.S. 18, 25, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994)); accord, United States v. Munsingwear, Inc., 340 U.S. 36, 40, 71 S.Ct. 104, 95 L.Ed. 36 (1950) (noting that vacatur “clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance”).
The appeal is dismissed, and the Baldwin Circuit Court is directed to vacate the *584 declaratory judgment entered in this cause.
APPEAL DISMISSED WITH INSTRUCTIONS TO THE CIRCUIT COURT.
YATES, P.J., and CRAWLEY, THOMPSON, and MURDOCK, JJ., concur.

. We note that Brabham did not purport to bring his declaratory-judgment action on behalf of a class of similarly situated unit owners at Summerchase.