Rel: October 11, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

————————————————

## CL-2024-0552

————————————————

## Sharon Parrish

### v.

## Pat Ratliff; U.S. Bank National Association (Inc.); Mortgage Electronic Registration Systems, Inc.; Federal National Mortgage Association; PennyMac Loan Services, LLC; Hopper Telecommunications, LLC; Alabama Power Company; Blount County; Town of Snead; Jennifer Walker; and First American Title Insurance Company

### Appeal from Blount Circuit Court
### (CV-21-135)

CL-2024-0552

LEWIS, Judge.

Sharon Parrish appeals from a summary judgment entered by the Blount Circuit Court ("the trial court") in favor of, among other parties,[1] Pat Ratliff; U.S. Bank National Association (Inc.); Mortgage Electronic Registration Systems, Inc.; Federal National Mortgage Association; PennyMac Loan Services, LLC;[2] Hopper Telecommunications, LLC; Alabama Power Company; Blount County; Town of Snead; Jennifer Walker; and First American Title Insurance Company ("First American Title"). We reverse the judgment and remand the cause for further proceedings.

---

[1]The trial court also entered a summary judgment in favor of Dennis Oldham and Brock Haynes. However, Parrish did not name Oldham and Haynes as appellees on her notice of appeal. Therefore, this court will not decide any issue with respect to Oldham and Haynes. See Alabama Plating Tech., LLC v. Georgia Plating Tech., LLC, [Ms. SC-2023-0250, June 21, 2024] ___ So. 3d ___, ___ n.5 (Ala. 2024).

[2]PennyMac Loan Services, LLC, filed a motion seeking an order dismissing it from this appeal. It argued that its mortgage has been released, satisfied, and canceled; therefore, it no longer has an interest in this litigation. That motion is granted, and PennyMac Loan Services, LLC, is dismissed as a party to this appeal by separate order. See Young's Realty, Inc. v. Brabham, 896 So. 2d 581, 583 (Ala. Civ. App. 2004).

2

## Procedural History

This case concerns a boundary-line dispute. Ratliff and Parrish are coterminous landowners who both claim to own a portion of property ("the disputed property") upon which a shed is located. On August 26, 2021, Ratliff filed a complaint against Parrish alleging claims of trespass and quiet title concerning the disputed property. On October 25, 2021, Parrish filed a motion to dismiss or for a more definite statement. Thereafter, Ratliff filed an amended complaint alleging that the parties had a dispute with respect to their boundary line and requesting that the trial court set the boundary line between their properties. On November 19, 2021, Parrish answered the first amended complaint.

On January 26, 2022, Ratliff filed a second amended complaint, again asserting that the parties had a dispute with respect to their boundary line and requesting that the trial court set the boundary line between their properties. Parrish filed an answer to the second amended complaint on February 15, 2022.

On July 27, 2022, Parrish filed an amended answer to the second amended complaint, as well as a counterclaim and a third-party complaint. Parrish asserted the following claims: (1) a request to set the

boundary lines against Ratliff, Brock Haynes, CB&S Bank, Inc., Mortgage Electronic Registration Systems, Inc., U.S. Bank National Association (Inc.), Federal National Mortgage Association, Hopper Telecommunications, LLC, Alabama Power Company, the Town of Snead, Blount County, and PennyMac Loan Services, LLC; (2) a claim for slander of title against Ratliff; (3) claims for conversion and trespass to chattels against Ratliff and Dennis Oldham; (4) claims for trespass to real property against Ratliff and Oldham; (5) claims for quiet title against Ratliff, Brock Haynes, Mortgage Electronic Registration Systems, Inc., (as nominee for Hometown Lenders, LLC and its successors and assigns), and PennyMac Loan Services, LLC; (6) a claim of breach of warranty in deed against Jennifer Walker; and (7) a claim of negligent title search against First American Title.

On August 26, 2022, Alabama Power Company answered Parrish's third-party complaint. That same day, Ratliff replied to Parrish's counterclaim. Thereafter, U.S. Bank National Association, CB&S Bank, and Federal National Mortgage Association all filed separate answers to the third-party complaint. On September 9, 2022, First American Title moved to dismiss the third-party complaint. Then, Walker and Mortgage

Electronic Registration Systems filed separate answers to the third-party complaint.

On October 19, 2022, the parties filed a joint stipulation of dismissal with respect to CB&S Bank. That stipulation was granted. The motion to dismiss filed by First American Title was denied. Thereafter, Hopper Telecommunication, the Town of Snead, First American Title, and PennyMac Loan Services, LLC, all filed separate answers to the third-party complaint.

On June 2, 2023, Ratliff filed a motion for a summary judgment with respect to his claim to establish the boundary line between the properties owned by Parrish and Ratliff. Ratliff thereafter filed an argument in support of his summary judgment motion, along with evidentiary materials in support thereof. Ratliff asserted that all the counterclaims asserted by Parrish against him were tied to the issue of the determination of the boundary line.

On July 28, 2023, Parrish filed a response to the summary-judgment motion, along with evidentiary materials in support thereof, which included her own affidavit. Ratliff thereafter moved to strike Parrish's affidavit. The trial court did not rule on that motion. On

August 3, 2023, the trial court entered an order granting the summary-

judgment motion, stating:

"This matter came before the court on the Plaintiff Pat Ratliffs' motion for summary judgment. The Parties were present and represented by counsel of record in this matter. After review of the pleadings and the arguments of counsel the Court is of the opinion that the following is due to be entered therefore the court enters the following:

"FINDINGS OF FACT

"1. The Court finds that the survey or multiple surveys completed by Clarence Hopper is valid and accurately defines the property boundaries between the parties.

"2. That no material issue of fact exists about the description of or the identified and marked boundaries of the property owned by [Ratliff] and [Parrish].

"3. That even though the rebar property marker may have lost its cap identifying it as a property corner marker such does not fail to make it such a marker. Particularly when it is found in such a place and confirmed to be in said place by proper surveying techniques and measurements.

"4. The Court further finds that no reasonable trier of fact could interpret the facts presented in any other manner than those outlined by the Court.

" 5. The Court has considered all the arguments of Counsel for … Parrish, and finds that the survey submitted and testified to under oath by Clarence Hopper is not ambiguous or in error and does indeed accurately and specifically describe and mark [Parrish's] property boundary as well as the limitation thereof.

6

"6. ... Parrish has committed a trespass on the property of ... Ratliff.

"7. The question of damages was not addressed in said hearing and insufficient testimony was given for the court to address the issue [of] damages in this order.

"The Court having made the preceding finding of facts [is] further of the opinion that ... Ratliff is entitled to judgment as a matter of law in this action therefore it is: ORDERED AND ADJUDGED AS FOLLOWS:

"1. The Summary Judgment motion of ... Ratliff is hereby GRANTED.

"2. The Court adopts the boundaries as defined and identified by Clarence Hopper for the property owned by ... Parrish.

"3. ... Ratliff is entitled to the relief requested in Count 2 of his complaint and title is establish[ed] as requested by ... Ratliff.

"4. The Court finds that ... Parrish has trespassed on the property of ... Ratliff.

"5. [Parrish] is enjoined from further trespass on the property of [Ratliff].

"6. [Ratliff] is allowed 14 days to request a hearing to address the issue of damages in said case, absent said request from [Ratliff] the issue of damage will be held as moot."

(Capitalization in original.)

On August 16, 2023, Ratliff filed a motion to tax costs and fees against Parrish, specifically, attorney fees in the amount of $7,082;

subpoena fees in the amount of $13; deposition transcript fees in the amount of $604; labor costs to remove material and fencing that Parrish placed along Ratliff's property line in the amount of $525; and a land survey in the amount of $450.

On August 21, 2023, Parrish moved to set aside the summary judgment, stating in part: "(1) the summary judgment ... appears to be based on superseded claims: trespass and quiet title, (2) the order does not specify which Hopper Survey shows the boundary line; [and] (3) the order appears to weigh conflicting evidence."

On October 17, 2023, Parrish responded to Ratliff's motion to tax costs and fees. That same day, she filed an objection to an evidentiary hearing regarding the motion for taxation of costs and fees. Parrish thereafter filed a supplement to her motion to set aside the summary judgment.

On October 20, 2023, the trial court entered an order setting forth a legal description of the property. The trial court also stated that the order was dispositive as to the following parties: Brock Haynes, CB&S Bank Inc., U.S., National Bank Association, Mortgage Electronic Registration Systems, Federal National Mortgage Association,

PennyMac Loan Servicing, LLC, Alabama Power Company, Hopper Telecommunications, LLC, Blount County, the Town of Snead, Oldham, Walker, and First American Title. Thus, the trial court dismissed those claims with prejudice. Finally, the trial court awarded Ratliff $4,750 for costs.

On November 20, 2023, Parrish filed a motion to correct a clerical error in the legal description of her property. The trial court did not rule on that motion. Parrish filed her notice of appeal to the Alabama Supreme Court on December 1, 2023. That court transferred the appeal to this court on July 16, 2024, because the appeal is within this court's appellate jurisdiction.

## Standard of Review

"'"This Court's review of a summary judgment is de novo. Williams v. State Farm Mut. Auto. Ins. Co., 886 So. 2d 72, 74 (Ala. 2003). We apply the same standard of review as the trial court applied. Specifically, we must determine whether the movant has made a prima facie showing that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Blue Cross & Blue Shield of Alabama v. Hodurski, 899 So. 2d 949, 952-53 (Ala. 2004). In making such a determination, we must review the evidence in the light most favorable to the nonmovant. Wilson v. Brown, 496 So. 2d 756, 758

(Ala. 1986). Once the movant makes a prima facie showing that there is no genuine issue of material fact, the burden then shifts to the nonmovant to produce 'substantial evidence' as to the existence of a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So. 2d 794, 797-98 (Ala. 1989); Ala. Code 1975, § 12-21-12. '[S]ubstantial evidence is evidence of such weight and quality that fair minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' West v. Founders Life Assur. Co. of Fla., 547 So. 2d 870, 871 (Ala. 1989)."'

"Prince v. Poole, 935 So. 2d 431, 442 (Ala. 2006) (quoting Dow v. Alabama Democratic Party, 897 So. 2d 1035, 1038-39 (Ala. 2004))."

Brown v. W.P. Media, Inc., 17 So. 3d 1167, 1169 (Ala. 2009).

## Discussion

On appeal, Parrish argues that the trial court improperly weighed conflicting evidence in ruling on the summary-judgment motion. Specifically, she asserts that the deposition testimony of C.E. Hopper, a surveyor, and the surveys presented as exhibits to his deposition, were contradictory.

In Ratliff's summary-judgment motion, he relied on Hopper's deposition testimony to establish the boundary line between his property and the property of Parrish. Hopper testified concerning his knowledge

10

of the boundary line and referenced multiple surveys during his testimony. Hopper unequivocally testified that he did not know on which side of the boundary line the shed, which was located on the disputed property, fell, and the only survey in evidence that indicated the location of the shed was a survey completed by Terry Gilliland dated November 24, 2021.

According to Hopper, in 2005, he created the parcel of property owned by Parrish upon the request of Parrish's predecessor in title, Marion Ratliff Fowler. He testified that he had written a legal description for Parrish's property and that he had marked the four corners of Parrish's property line with 18-inch long half-inch thick rebar pins with a red plastic cap bearing his stamp and registration number. Hopper testified that he had surveyed the Parrish property recently and had found the four corners marked with the red-capped pins.

Hopper referenced the Gilliland survey, which indicates two different northeastern points along the north side of Parrish's property. Using the more westward of those points as the northeastern corner of Parrish's property, the disputed property would lie to the east of Parrish's property. Using the more eastward of those points as the northeastern

corner of Parrish's property, the disputed property would lie within Parrish's property. Hopper noted that Gilliland had found rebar at the more westward of the two points but that he had found no red-capped iron pin at that point. Hopper stated that Gilliland had possibly overlooked the red-capped iron pin that had been set at that point or that the red cap had possibly been knocked off. Hopper admitted that Gilliland's survey indicated that a red-capped pin had been found in the more eastward of the two points. As previously stated, according to the Gilliland survey, if the more eastward of the two points is the northeastern corner of Parrish's property, the disputed property would lie within Parrish's property. Hopper also testified that the more eastward of the two points was the same point designated on a survey that he completed on September 26, 2018, wherein a red-capped iron pin was found.

Parrish points out that "[w]here a nonparty witness gives contradictory testimony, a portion of which is favorable to the nonmovant in a summary judgment context, the trial court must leave to the jury's prerogative the resolution of the factual issue." Parr v. Champion Int'l Corp., 667 So. 2d 36, 40 (Ala. 1995). Here, the surveys attached as

12

exhibits to Hopper's deposition, as explained by Hopper, were conflicting with respect to the location of the northeastern corner of Parrish's property. According to Gilliland's survey, the discrepancy was dispositive of whether the disputed property was within Parrish's property. Notably, Hopper did not testify that the disputed property was part of either Parrish's or Ratliff's property.

Based on the foregoing, we conclude that a genuine issue of material fact existed with respect to the boundary line between Parrish's and Ratliff's properties, and the trial court erred in entering a summary judgment as to the issue of the boundary line. Moreover, because the trial court based its entry of a summary judgment on all other claims upon the disposition of the boundary-line issue, the trial court's judgment with respect to all claims concerning the parties to this appeal is due to be reversed.

## Conclusion

Based on the foregoing, we reverse the trial court's judgment with respect to the parties to this appeal[3], and we remand this cause for further proceedings.

REVERSED AND REMANDED.

Moore, P.J., and Edwards, Hanson, and Fridy, JJ., concur.

---

[3]The judgment is unaffected as to Dennis Oldham and Brock Haynes, who were not named as appellees in the notice of appeal.